NOT DESIGNATED FOR PUBLICATION

No. 121,449

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
ROGER L. SWEET.


MEMORANDUM OPINION


Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed November 22, 2019. Affirmed.

*Dwight D. Alexander II*, The Alexander Law Firm, LLC, of Kansas City, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM: Roger L. Sweet appeals the denial of his petition for transitional release under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq. Sweet argues that the district court erred when it did not find probable cause that his mental abnormality or personality disorder had significantly changed so that he would be safe to be in transitional release. Finding no error, we affirm.


FACTS

In 1992, Sweet was convicted of attempted aggravated criminal sodomy and two counts of indecent liberties with a child for acts against his live-in girlfriend's six-year-old son. On September 7, 2012, as Sweet was nearing release from prison, the State petitioned to commit him civilly under the KSVPA. In 2013, a jury found Sweet to be a sexually violent predator and the district court committed him for treatment. Sweet

1

appealed and a panel of this court affirmed the finding that Sweet is a sexually violent predator. See *In re Care & Treatment of Sweet*, No. 110,991, 2014 WL 5313611 (Kan. App. 2014) (unpublished opinion).

According to his initial 2012 examination, Sweet met the criteria for pedophilia, antisocial personality disorder, and major depressive disorder. His diagnosis for pedophilia was based on his Kansas conviction and his 1983 guilty plea, in Florida, to lewd and lascivious behavior against his six-year-old daughter.

From 2013 to 2018, Sweet received annual examinations of his mental condition as required by the KSVPA. The examination reports each concluded that Sweet remained a sexually violent predator. Sweet petitioned for release on his 2016 annual review, but the district court denied his petition, finding that probable cause did not exist to believe that Sweet's mental abnormality or personality disorder had so changed that he was safe to be placed on transitional release.

Sweet's 2018 annual examination was completed in August 2018. It reported Sweet was on tier one of the two-tier inpatient portion of the program. The report stated that Sweet is on "royal privilege level," the highest privilege level. Residents obtain royal privilege level when they "comply with registration requirements, attend 100% of groups/classes, have 100% compliance with medications and medical procedures, maintain constant program advancement, comply with all requested paperwork, and required documents as well as requests from Central Information Management and maintain expected hygiene requirements, room cleanliness and comply with room inspections." The report stated that Sweet went to 58 percent of his elective leisure sessions and he did not sign up for any of the offered psychoeducational courses.

As part of the annual examination, examiners administered two actuarial instruments. The Static-99R-2003 is an instrument "used to estimate the probability that a

2

convicted adult male sex offender will reoffend against a child or non-consenting adult." Sweet scored a "+4" on the Static-99R-2003, placing him in the "Above Average Risk" category. The Sexual Offender Treatment Intervention and Progress Scale (SOTIPS) is "designed to help clinicians, correctional caseworkers, and probation/parole officers in assessing risk, treatment, and supervision needs and progress among adult male sexual offenders." Sweet scored an "8" on the SOTIPS placing him in the "low risk" category, but the report pointed out that he scored in the "very considerable need for improvement" category for sexual interests, the "considerable need for improvement" category for sexual offense responsibility, and the "some need for improvement" category for stage of change, cooperation with treatment, and emotion management.

In his examination interview, when asked about the treatment elements he is working on, Sweet stated "'undecisive.'" He also explained that he was working toward getting to tier two but that due to policy changes—that residents on tier two could no longer cook their own food—he was "'putting treatment on hold until [he] see[s] what happens with these policy changes.'" The report concluded that Sweet remained a sexually violent predator and that his mental abnormality or personality disorder had not sufficiently changed so that it would be safe to place him in transitional release.

On September 13, 2018, Sweet filed a pro se petition for release and a motion to hold a hearing on his 2018 annual examination. The district court held an annual review hearing on April 4, 2019. Sweet was not present at the hearing, but he was represented by counsel. The parties did not present evidence at the hearing, but the district court heard arguments from counsel and Sweet's attorney read a letter from Sweet into the record. After hearing from the parties, the district court found that Sweet remained on tier one and that he still has pedophilic disorder as well as a personality disorder. The district court denied Sweet's petition for transitional release and concluded by stating:

"The report is clear that he continues to meet the definition of a person that's been convicted of a sexually violent offense and continues to suffer from a mental abnormality or personality disorder, which makes it likely he will engage in reputed acts of sexual violence.

"And the Court concludes the respondent has failed to establish probable cause to show that his mental abnormality or personality disorder has not sufficiently changed, that it would be safe for him to be placed in the transitional release, so that would be denied as well."

ANALYSIS

On appeal, Sweet argues that the district court erred when it did not find probable cause that his mental abnormality or personality disorder had significantly changed to make it safe for him to be placed in transitional release. When a person is committed under the KSVPA, the person has an annual examination of their mental condition. K.S.A. 2018 Supp. 59-29a08(a). The committed person can then request an annual review hearing for transitional release. K.S.A. 2018 Supp. 59-29a08(b). At the annual review hearing, the committed person has the burden of establishing probable cause to believe "the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release." K.S.A. 2018 Supp. 59-29a08(d). If the district court determines that there is probable cause, then "the court shall set a hearing for transitional release on the issue." K.S.A. 2018 Supp. 59-29a08(g). Because the committed person has the burden to show probable cause, the court must consider the evidence in the light most favorable to the committed person and resolve all conflicting evidence in the committed person's favor. *In re Care & Treatment of Burch*, 296 Kan. 215, 225, 291 P.3d 78 (2012). On appeal, the district court's probable cause determination is subject to de novo review. 296 Kan. at 223.

Sweet argues he presented sufficient evidence to support a finding of probable cause that his mental abnormality or personality disorder had significantly changed so

4

that he was safe to be placed in transitional release. Sweet points to his acquisition of the highest privilege level on tier one, his placement in the "low risk category" on the SOTIPS, and his decrease in score by one point from his 2016 annual review.

The State argues that Sweet's report did not support a finding of probable cause as he had not advanced to tier two of the program, he only completed 58 percent of his electives, and his SOTIPS actuarial showed he had a considerable need for improvement. The State also argues that because Sweet put his treatment on hold, he is presumed to be unable to show probable cause.

Under K.S.A. 2018 Supp. 59-29a08(d), "[i]f the person does not participate in the prescribed treatment plan, the person is presumed to be unable to show probable cause to believe the person is safe to be released." Sweet stated in his examination interview that his current treatment is "on hold" and when asked about his treatment plans for the upcoming year he again reported that they were "on hold" pending the outcome of certain policy changes. By placing his treatment on hold, Sweet is seemingly not participating in treatment. Thus, Sweet is presumed to be unable to show probable cause.

Even without applying the presumption, Sweet fails to establish probable cause on this record. While he did obtain the highest privilege level, Sweet is still only on tier one, skill acquisition, and has not advanced to tier two, skills demonstration. Sweet acknowledges that he needs to progress to the second tier before progressing to transitional release when he stated in his interview that, before putting his treatment on hold, his plan was to "complet[e] everything [he] needed to complete to go to Tier Two [then] complete everything [he] needed [in tier two] in a year or two to get to transition."

Although Sweet scored in the low risk category on the SOTIPS, his argument fails to consider the other findings of the SOTIPS and disregards his score on the Static-99R-2003. Sweet scored in the "very considerable need for improvement" category on the

SOTIPS for sexual interests, the "considerable need for improvement" category on sexual offense responsibility, and the "some need for improvement" category for stage of change, cooperation with treatment, and emotion management. On the Static-99R-2003, used to estimate the probability that a convicted sex offender will reoffend against a child or nonconsenting adult, he scored in the above average risk category. The report found that "it is likely [Sweet] may engage in repeat acts of sexual violence if placement [on transitional release] was to occur at this time." The report also stated that Sweet continues to suffer from pedophilic disorder and an unspecified personality disorder.

In sum, drawing the inferences in Sweet's favor, the record does not support a finding that probable cause exists to believe that his mental abnormality or personality disorder has significantly changed so that he is safe to be placed in transitional release. We conclude the district court did not err in denying Sweet's petition for transitional release under the KSVPA.

Affirmed.