NOT DESIGNATED FOR PUBLICATION

No. 121,568

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
WILLIAM GENE CRAFT.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed February 21, 2020. Affirmed.

*Dwight D. Alexander, II*, of The Alexander Law Firm, LLC, of Kansas City, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: William Gene Craft appeals the denial of his petition for transitional release under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 2019 Supp. 59-29a01 et seq. Craft argues the district court erred when it did not find probable cause that his mental abnormality or personality disorder had significantly changed so that it would be safe to place him in transitional release under K.S.A. 2019 Supp. 59-29a08(g). After careful review, we find the district court did not err when it denied his petition.

FACTS

In 1992, Craft was convicted of one count of attempted indecent liberties with a child and one count of indecent solicitation of a child. In 1993, Craft was convicted of one count of aggravated sexual battery. Craft was reportedly on bond from a 1991 sex

offense charge—which ultimately resulted in his 1992 convictions—when he committed the third offense. Before his release from prison, the State petitioned the district court to civilly commit Craft to the Sexual Predator Treatment Program at Larned State Hospital (Larned). See K.S.A. 2019 Supp. 59-29a04(a).

Based on Craft's stipulation, the district court found he met the statutory definition of a sexually violent predator and civilly committed him. See K.S.A. 2019 Supp. 59-29a02(a) (defining "sexually violent predator" as "any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence"). Craft has been involuntarily committed since 1999.

The record shows that Larned employees completed annual treatment reports from 2000 to 2002, 2008 to 2012, 2014, 2017, and 2018. In February 2018, Craft petitioned for transitional release based on his 2017 annual report. The petition also requested the appointment of an independent expert. Following a hearing, the district court agreed with the report and found that probable cause did not exist to believe that his mental abnormality or personality disorder had so changed that he was safe to be placed in transitional release. The district court also denied Craft's request for an independent expert.

In February 2019, Craft filed another petition for transitional release based on his 2018 annual report and requested an evaluation by an independent expert. The district court held a hearing and reviewed the 2018 report, which found that Craft suffered from pedophiliac disorder, schizophrenia, unspecified depressive disorder, alcohol use disorder, intellectual disability, and "other specified personality disorder with antisocial traits." The report also concluded Craft would likely engage in repeated acts of sexual violence and recommended he not advance to transitional release.

The report showed that Craft was currently on tier two of the three-tiered program. Tier two is labeled as "skill demonstration" and the aim of this tier is to "begin the process of moving from a highly structured inpatient program of treatment toward an essentially independent lifestyle." The process includes "reintroduction and acclimatization to the real world through a graduated series of escorted community outings and the demonstration by the resident of his ability to make appropriate decisions."

Larned employees reported that Craft had actively participated and progressed in the program. Along with being in tier two of the program, Craft had obtained the royal privilege level which affords him the highest level of privileges available to a resident of the program. According to the report, residents are required to complete or comply with several tasks in order to obtain this level. Among other things, Craft had to attend all classes and groups, comply with all medications and medical procedures, and maintain constant program advancement. The report showed that Craft passed six psycho-education courses in 2018, was "always attentive in class," and was "continually trying to improve himself." The classes Craft completed were designed to help manage emotions, prepare residents for life outside the program, develop interpersonal skills, learn financial concepts, and to develop independent living skills.

Other information in the annual Larned report was less positive for Craft. His primary therapist, Lindsey Dinkel, reported that Craft was placed on probation in June 2018 after he failed a polygraph test. Craft's probation period ended in November 2018 after he passed a subsequent polygraph. Dinkel reported that Craft "has struggled with emotional regulation as it pertains to anger, open mindedness, flexibility and adaptability, as well as receiving feedback and support from others." Dinkel also noted that Craft disclosed to her that he had "time periods where he lost control of his emotions and became aggressive" and the buildup of these periods caused him to "'explode.'" Dinkel stated that Craft had "displayed great improvement on his anger management throughout

3

his time in the program" but maintained that he "displays a need for improvement when it entails anger and how he projects it in a verbally or passive aggressive manner."

The Larned report also included actuarial results. Craft's 2018 results on the Static-99R test, which estimates the probability that an adult male sexual offender will reoffend against a child or nonconsenting adult, placed him in the "average risk" category. Additionally, Craft's 2018 results on the Sex Offender Treatment Intervention and Progress Scale (SOTIPS), which assess the risk, treatment, supervision needs, and progress among adult male offenders, placed him in the "low risk" category. Collectively, Craft's 2018 Static-99R and SOTIPS results placed him in a low risk category to reoffend. Ultimately, the report concluded that Craft continued to meet the definition of a sexually violent predator and recommended that it would not be safe to place Craft on transitional release.

After reviewing the 2018 report and holding a hearing on the petition for transitional release, the district court determined that Craft had "not been on outings," had not "been received to take the next step" in the program, and there was no need for an independent examination. The district court also found that Craft "failed to establish probable cause to show that his mental abnormality or personality disorder ha[d] changed so it would be safe for [Craft] to be placed in transitional release."

Craft has timely appealed from the district court's denial of his petition.

ANALYSIS

On appeal, Craft argues that he had met his burden of showing probable cause that his personality disorder has sufficiently changed to warrant placement in traditional release. Craft asks us to find that probable cause did exist to believe his condition has changed and requests a remand for a trial on the issue of whether transitional relief is

4

appropriate. Craft does not argue the district court erred in denying his request for an independent examiner and therefore this issue has been abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are deemed waived or abandoned).

In appeals of this sort, we conduct a de novo review of a district court's probable cause determination under K.S.A. 2019 Supp. 59-29a08(g). In doing so, we review the evidence in the light most favorable to the committed individual. See *In re Care & Treatment of Burch*, 296 Kan. 215, 217, 225, 291 P.3d 78 (2012).

Under K.S.A. 2019 Supp. 59-29a08(a), an individual committed as a sexually violent predator must have an annual examination of his or her mental condition and an annual report made and forwarded "to the court that committed the person under the [KSVPA]." Based on this annual report, the committed individual may request an annual review hearing and petition for transitional release. K.S.A. 2019 Supp. 59-29a08(b). If the district court has previously denied a committed individual's petition for transitional release, "then the court shall deny the subsequent petition, unless the petition contains facts upon which a court could find the condition of the petitioner had significantly changed so that a hearing was warranted." K.S.A. 2019 Supp. 59-29a11(a). The annual review hearing is not an evidentiary hearing for transitional release. The committed individual is entitled to attorney representation at the hearing but is not entitled to be present. See K.S.A. 2019 Supp. 59-29a08(e) and (g); *In re Burch*, 296 Kan. at 220.

At the annual review hearing, it is the committed individual's burden to show probable cause that such a significant change has occurred. K.S.A. 2019 Supp. 59-29a08(d); see *In re Burch*, 296 Kan. at 225. To establish probable cause, the committed individual must present facts "sufficient to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that [the committed individual's]

mental abnormality or personality disorder had so changed that he [or she] was safe to be placed in transitional release." 296 Kan. at 226.

> "If the court at the annual review hearing determines that probable cause exists to believe that the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release, then the court shall set a hearing for transitional release on the issue. The person shall be entitled to be present and entitled to the assistance of counsel." K.S.A. 2019 Supp. 59-29a08(g).

Thus, the statute creates a two-step process for the district court to consider petitions for transitional release. The first step, following the filing of a petition, is for the court to consider the annual report and determine from the limited paper review if Craft has established probable cause to believe he is safe to be placed in transitional release. Only if Craft demonstrates such probable cause is he entitled to proceed to the second step, i.e., a full hearing on his petition for transitional release, with him present and represented, as contemplated by K.S.A. 2019 Supp. 59-29a08(g).

Craft argues that his petition presented sufficient facts to support a finding of probable cause, thus entitling him to advance to the next step under the statute. He relies on his acquisition of the royal privilege level, which he obtained based on his attendance at group meetings and compliance with program procedures. Craft also relies on his position in tier two of the program and the "[l]ow risk/need" classification to argue that he has demonstrated "significant progress that has been made in this matter and is evidence that . . . warrants his release into Transitional release."

In response, the State argues that Craft has not established probable cause, and the record shows he did not meet this burden. Although his annual report presented at the hearing established that Craft is progressing well through the program by participating in his classes and complying with program procedures, the State points to the portions of the

6

report which conclude that Craft continues to suffer from a mental abnormality or personality disorder which make him likely to engage in repeat acts of sexual violence.

We agree with the State's concerns. Craft only recently moved to tier two of the program—in May 2017—and the record is unclear as to the extent that he has successfully completed community outings. In the report, Craft stated that he was working on "'getting [to] Tier Three and moving on. I have shopping, then an activity, then maintenance [outings]. Before I did not pass my polygraph, I was on maintenance outings.'"

Craft's actuarial results from his annual review also support the district court's determination that he did not establish probable case. Although his SOTIPS results placed him in the low risk category, his results on the Static-99R test placed him in a higher, average risk category. The Larned report indicated that his treatment plan for the upcoming year was designed to address these scores and "work to reduce his treatment needs and associate risk as identified on the SOTIPS." This treatment plan, combined with the actuarial results and recommendations by Larned employees, support the district court's finding that Craft failed to establish probable cause. The record supports the district court's conclusions that Craft failed to show that he had been on successful outings and had not progressed to the next step of the program.

Although it is clear, as the district court noted following his ruling, that Craft has made significant progress in the program, we concur that he failed to establish probable cause to show that his mental abnormality or personality disorder has so changed it would be safe for him to be placed in transitional release. Therefore the district court was not obligated to proceed to a full hearing on transitional release issues under K.S.A. 2019 Supp. 59-29a08(g).

Affirmed.