NOT DESIGNATED FOR PUBLICATION

No. 122,423

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
WILLIAM NAPOLEON QUARY.

MEMORANDUM OPINION

Appeal from Cowley District Court; LADONNA L. LANNING, judge. Opinion filed October 9, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.

PER CURIAM: William Napoleon Quary has been committed for treatment as a sexually violent predator under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq. He appeals the district court's decision denying his request for the appointment of a qualified professional to conduct an independent examination for his annual review. Because the district court did not abuse its discretion, we affirm its decision.

FACTUAL AND PROCEDURAL BACKGROUND

After William Quary's imprisonment for attempted rape, the district court involuntarily committed him as a sexually violent predator under the KSVPA. This court affirmed his commitment. *In re Care & Treatment of Quary*, 50 Kan. App. 2d 296, 312, 324 P.3d 331 (2014).

1

The KSVPA requires the Kansas Department of Aging and Disability Services to conduct an annual review of a sexually violent predator's commitment. K.S.A. 2019 Supp. 59-29a08(a). In two previous appeals, this court has affirmed the district court's decision not to appoint an independent examiner to Quary's annual review. *In re Care & Treatment of Quary*, No. 117,142, 2017 WL 3947383 (Kan. App. 2017) (unpublished opinion); *In re Care & Treatment of Quary*, No. 115,622, 2016 WL 7032111 (Kan. App. 2016) (unpublished opinion).

In June 2019, the district court received the annual evaluation of Quary's mental condition. The evaluation noted that Quary was a Tier One patient. He had advanced to Tier Three, but in November 2018 his urinalysis revealed he used marijuana. Quary lied to staff about his usage. Because he violated his treatment responsibilities of being open, transparent, and forthcoming and by consuming an illegal drug, Larned State Hospital (LSH) demoted him back to Tier One.

Since being demoted to Tier One, Quary's latest evaluation reported he had only partially participated in the hospital's programs. Although he had full attendance in Good Lives Model 3 and Facing the Shadow, he did not participate in a Medium Risk Mainstream group, had 77.78% participation in another Medium Risk group, 80% attendance in Overcoming Diversity, 27.27% attendance in a substance abuse group, 33.33% attendance in Emotion Regulation, and had not enrolled in psychoeducation courses. He also had not started his fantasy journal.

Quary's Static-99R-2003 test score placed him in the "Well Above Average Risk" category. The Static-99R-2003 test is "an actuarial instrument used to estimate the probability that a convicted adult male sex offender will reoffend against a child or non-consenting adult." His score on the Sex Offender Treatment Intervention and Progress Scale (SOTIPS) placed him in the "Moderate" risk category. SOTIPS is "a statistically

2

derived dynamic measure designed to help clinicians, correctional caseworkers, and probation/parole officers in assessing risk, treatment, and supervision needs and progress among adult male sexual offenders." In the "sexual risk management, criminal and rule-breaking behavior, criminal and rule-breaking attitudes, cooperation with treatment, cooperation with community supervision, and employment" categories of his SOTIPS, Quary scored "Considerable Need for Improvement."

The evaluation concluded that Quary's condition had not significantly changed enough to be safe to place him in transitional release, finding it was "likely he [might] engage in repeat acts of sexual violence if placement [were] to occur at [that] time."

Along with other motions, Quary moved for appointment of a qualified professional for examination during his annual review. The district court held a hearing. In its determination that Quary was not eligible for transitional release, it found that Quary had not "sufficiently complied with the requirements for probable cause." K.S.A. 2019 Supp. 59-29a08(d) provides that "[i]f the person does not participate in the prescribed treatment plan, the person is presumed to be unable to show probable cause to believe the person is safe to be released." Finding this presumption applied, the district court concluded that Quary failed to show probable cause that his abnormality had improved. The district court also denied Quary's request for an examination because he had not fully participated or progressed in the program and failed to comply with its requirements.

Quary timely appeals.

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED QUARY'S REQUEST FOR AN INDEPENDENT EXAMINATION OF HIS ANNUAL REVIEW.

On appeal, Quary argues the district court abused its discretion when it denied his motion to appoint an independent examiner. Quary contends the district court made an error of law because it did not consider the evidence in the light most favorable to him and resolve all conflicting evidence in his favor.

*Preservation*

Quary moved for the district court to appoint an independent examiner, and the district court denied his request. His appeal is properly preserved.

*Standard of Review*

The decision to appoint an independent expert as part of a sexually violent predator's annual review process rests within the district court's discretion, and this court reviews that decision under the abuse of discretion standard. *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

*Analysis*

For an annual review hearing, a sexually violent predator may request that the district court appoint an examiner. K.S.A. 2019 Supp. 59-29a08(c) provides:

4

"If the person is indigent and makes a request for an examiner, the court shall determine whether the services are necessary and shall determine the reasonable compensation for such services. The court, before appointing an examiner, shall consider factors including the person's compliance with institutional requirements and the person's participation in treatment to determine whether the person's progress justifies the costs of an examination. The appointment of an examiner is discretionary."

Quary asks this court to apply the probable cause standard from K.S.A. 2019 Supp. 59-29a08(d) and *In re Care and Treatment of Burch*, 296 Kan. 215, 225, 291 P.3d 78 (2012), and rule that the district court made an error of law when it failed to apply this standard.

K.S.A. 2019 Supp. 59-29a08(d) provides:

"At the annual review hearing, the burden of proof shall be upon the person to show probable cause to believe the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release. The report, or a copy thereof, of the findings of a qualified expert shall be admissible into evidence in the annual review hearing in the same manner and with the same force and effect as if the qualified expert had testified in person. If the person does not participate in the prescribed treatment plan, the person is presumed to be unable to show probable cause to believe the person is safe to be released."

If a sexually violent predator succeeds in showing probable cause, the district court then must set a hearing for transitional release where the State must prove beyond a reasonable doubt that the sexually violent predator's mental abnormality or personality disorder remains the same. At this second hearing, the sexually violent predator is entitled to an independent examiner. K.S.A. 2019 Supp. 59-29a08(g).

5

When our Supreme Court decided *Burch*, K.S.A. 59-29a08 did not explain who bore the burden of proof "when the district court considers a committed person's petition for discharge or transitional release at the annual review hearing." 296 Kan. at 223-24; see K.S.A. 2011 Supp. 59-29a08(c)(1). *Burch* concluded that the burden lies with the sexually violent predator to show probable cause that his mental abnormality or personality disorder has changed to the point that he should be placed in transitional release. In making this determination at the annual review hearing, "'the district court must consider the evidence in the light most favorable to the committed person and resolve all conflicting evidence in that person's favor.'" 296 Kan. at 225.

In 2017, our Legislature codified *Burch*'s conclusion that the sexually violent predator has the burden to show probable cause. L. 2017, ch. 83, § 1; see K.S.A. 2019 Supp. 59-29a08(d).

Yet the standard Quary cites from *Burch* applies to K.S.A. 2019 Supp. 59-29a08(d), not K.S.A. 2019 Supp. 59-29a08(c). The determination to appoint an independent examiner at the annual review does not have the same evidentiary standards as the determination of probable cause that the sexually violent predator's mental abnormality or personality disorder has changed to the extent that he should be placed in transitional release. K.S.A. 2019 Supp. 59-29a08(c) requires only that the district court "consider factors including the person's compliance with institutional requirements and the person's participation in treatment to determine whether the person's progress justifies the costs of an examination." Ultimately, the decision to appoint an examiner for the annual review is in the district court's discretion.

The district court did consider Quary's compliance with LSH's requirements and his participation in treatment and found that he had not "fully participate or progressed in the program and ha[d] failed to sufficiently comply with the requirements of the program." The record supports this finding. Quary had failed to participate fully in

6

several programs, failed to start a fantasy journal, and smoked marijuana and lied about it. His tests also indicated he was still a risk for repeat offense.

The district court did not commit an error of law by applying the wrong evidentiary standard, and it did not abuse its discretion in denying an appointment of an examiner.

Affirmed.