NOT DESIGNATED FOR PUBLICATION

No. 120,896

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
MARK WILSON.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed October 4, 2019. Affirmed.

*Dwight D. Alexander II*, of The Alexander Law Firm, LLC, of Kansas City, for appellant.

*Brant M. Laue*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Mark L. Wilson appeals the denial of his petition for transitional release under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq. Wilson argues the district court erred when it did not find probable cause his mental abnormality or personality disorder had significantly changed to warrant an evidentiary hearing to consider whether it would be safe for Wilson to be placed in transitional release under K.S.A. 2018 Supp. 59-29a08(g). Finding no error, we affirm.

FACTS

In 2002, Wilson—also known as Damien L. Allen—was convicted of two counts of aggravated indecent solicitation of a child. Wilson's criminal history also reflects convictions from 2000 for aggravated indecent liberties with a child and aggravated indecent solicitation of a child. Prior to his release from prison, the State filed a petition

1

in the district court to civilly commit Wilson to the Sexual Predator Treatment Program at Larned State Hospital (Larned). See K.S.A. 2018 Supp. 59-29a04(a). Based on the parties' written stipulations, the district court found Wilson met the statutory definition of a sexually violent predator (SVP) and civilly committed him. See K.S.A. 2018 Supp. 59-29a02(a) (defining "sexually violent predator" as "any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence"). Wilson has been involuntarily committed at Larned since 2006.

According to Wilson's initial examination and report from Larned, he met the criteria for pedophilia, schizoaffective disorder, amphetamine dependence, cannabis dependence, alcohol abuse, and antisocial personality disorder. From 2007 to 2018, Larned employees annually completed Wilson's treatment report, each year concluding Wilson remained an SVP. See K.S.A. 2018 Supp. 59-29a08(a).

In August 2017, Wilson filed a petition for transitional release based on his 2017 annual report. In May 2018, the district court conducted a hearing on Wilson's petition and found his condition had not significantly changed to warrant an evidentiary hearing to consider his request to be placed in transitional release.

In August 2018, Wilson filed another petition for transitional release based on his 2018 annual report and requested an evaluation by an independent expert. See K.S.A. 2018 Supp. 59-29a08(b) and (c). Wilson also filed a motion for appointment of counsel, which the district court granted. See K.S.A. 2018 Supp. 59-29a08(e). In 2018, Wilson was in tier one, the lowest tier of a three-tiered program. The final tier, tier three, is preparation for transitional release—the final step in the reintegration process. See K.S.A. 2018 Supp. 59-29a02(i) (defining "transitional release" as "any halfway house, work release, sexually violent predator treatment facility or other placement designed to assist the person's adjustment and reintegration into the community").

2

In November 2018, the district court conducted a hearing on Wilson's petition for transitional release. Wilson did not appear in person but was represented through counsel. The district court denied Wilson's request for an independent expert, finding his progress did not support the cost of an independent evaluation. The district court then addressed Wilson's request for transitional release. It reviewed Wilson's 2018 annual report prepared by two Larned employees, Scott Wilson, a licensed clinical psychotherapist, and Marc Quillen, a psychologist. The report found Wilson suffered from pedophilic disorder, malingering, methamphetamine substance abuse disorder, and antisocial personality disorder. The report further concluded Wilson would likely engage in repeated acts of sexual violence and recommended he not advance to transitional release.

Larned employees found Wilson had actively participated and progressed in the program; however, he still posed a risk to reoffend. From 2017 to 2018, Wilson attended 75 percent of group meetings and obtained the highest level of privileges available to a tier-one resident (royal privilege level) based on his attendance and compliance with program procedures. Nevertheless, Wilson's 2018 results on the Static-99R test, which estimates the probability that an adult male sexual offender will reoffend against a child or nonconsenting adult, placed him in the "'Well Above Average Risk' category." Additionally, Wilson's 2018 results from the Sex Offender Treatment Intervention and Progress Scale (SOTIPS), which assesses the risk, treatment, supervision needs, and progress among adult male offenders, placed him in the "[m]oderate" risk category. Collectively, Wilson's 2018 Static-99R and SOTIPS results placed him in a "[h]igh" risk category to reoffend. The 2018 report also revealed Wilson had a history of being verbally aggressive toward Larned staff members.

Upon reviewing the 2018 report, the district court noted Wilson had been willing and able to progress through the program; however, he scored in the "well-above average" risk category to reoffend. Thus, the district court found he did not show enough improvement. Accepting the recommendation of the 2018 report, the district court found

no probable cause Wilson's mental abnormality or personality disorder had significantly changed to warrant an evidentiary hearing for transitional release.

ANALYSIS

On appeal, Wilson argues the district court erred when it found no probable cause his mental abnormality or personality disorder had significantly changed to make it safe for him to be placed in transitional release. This court reviews de novo a district court's probable cause determination under K.S.A. 2018 Supp. 59-29a08(g). In doing so, we review the evidence in the light most favorable to the committed individual. See *In re Care & Treatment of Burch*, 296 Kan. 215, 217, 225-26, 291 P.3d 78 (2012).

Under K.S.A. 2018 Supp. 59-29a08(a), an individual committed as an SVP must have an annual examination of his or her mental condition and an annual report made and forwarded "to the court that committed the person under the [KSVPA]." Based on this annual report, the committed individual may request an annual review hearing and petition for transitional release. K.S.A. 2018 Supp. 59-29a08(b). If the district court has previously denied a committed individual's petition for transitional release, "then the court shall deny the subsequent petition, unless the petition contains facts upon which a court could find the condition of the petitioner had significantly changed so that a hearing was warranted." K.S.A. 2018 Supp. 59-29a11(a). The annual review hearing is not an evidentiary hearing for transitional release. The committed individual is entitled to attorney representation at the hearing but is not entitled to be present. See K.S.A. 2018 Supp. 59-29a08(e) and (g); *In re Burch*, 296 Kan. at 225-27.

At the annual review hearing, it is the committed individual's burden to show probable cause. K.S.A. 2018 Supp. 59-29a08(d); see *In re Burch*, 296 Kan. at 225. To establish probable cause, the committed individual must present facts "sufficient to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief

4

that [the committed individual's] mental abnormality or personality disorder had so changed that he [or she] was safe to be placed in transitional release." 296 Kan. at 226.

> "If the court at the annual review hearing determines that probable cause exists to believe that the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release, then the court shall set a hearing for transitional release on the issue. The person shall be entitled to be present and entitled to the assistance of counsel." K.S.A. 2018 Supp. 59-29a08(g).

Wilson argues he presented sufficient facts to support a finding of probable cause. He mainly relies on his recent acquisition of the royal privilege level based on his attendance at group meetings and compliance with program procedures. However, he fails to acknowledge he is still in tier one of a three-tiered program. Wilson claims he became more engaged in the program from 2017 to 2018 and has shown an "abrupt willingness" to follow the program's requirements. He asserts these facts show his condition has significantly changed to warrant an evidentiary hearing to consider his request to move to transitional release.

The State persuasively argues Wilson did not establish probable cause, and the record shows he did not meet his burden. While the reports presented at the hearing reveal Wilson actively participated in the program and generally complied with program procedures, the Larned examiners' report concluded he continued to suffer from a mental abnormality or personality disorder making him likely to engage in repeat acts of sexual violence. Accordingly, we conclude, after drawing inferences in Wilson's favor, a person of ordinary prudence could not reasonably believe his mental abnormality or personality disorder had significantly changed to warrant a hearing under K.S.A. 2018 Supp. 59-29a08(g) to consider his request to move to transitional release. See *In re Burch*, 296 Kan. at 226-27.

Affirmed.