NOT DESIGNATED FOR PUBLICATION

No. 123,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of DAVID E. WILLIAMS.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed February 26, 2021. Affirmed.

*Rebecca R. Rookstool*, of Westmoreland, for appellant.

*Jerry C. Edwards*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.

PER CURIAM: When determining whether an indigent individual committed under the Sexually Violent Predator Act (SVPA) is entitled to an independent evaluation the court "shall consider factors including the person's compliance with institutional requirements and the person's participation in treatment to determine whether the person's progress justifies the costs of an examination." K.S.A. 2019 Supp. 59-29a08(c).

David E. Williams is civilly committed at Larned State Hospital after he was determined to be a sexually violent predator (SVP) in 2008. After his 2019 annual review, Williams requested an independent evaluation and that he be placed on transitional release. The district court denied both requests finding: (1) Williams was not entitled to an independent evaluation because of his continued failure to participate in the program and (2) transitional release was not appropriate due to his lack of participation and continued risk of reoffending. Williams timely appeals. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL HISTORY

In December 1999, Williams was sentenced to prison after being convicted of two counts of aggravated indecent liberties with a child. He had previously been convicted of indecent exposure on at least four other occasions. Before his release from prison, the State petitioned to have Williams declared an SVP and committed to a secure facility.

The matter was presented to the district court through stipulated evidence. After considering the evidence, the district court found sufficient evidence that Williams was an SVP as defined by statute and ordered him committed in September 2008.

In September 2019, Williams acknowledged receiving his annual report and notice of his right to petition for release. The notice informed Williams that the clinicians determined that his mental abnormality or personality disorder had not so changed that he would be safe to be placed in transitional release.

Williams filed a pro se motion for counsel and for a hearing to determine if he could be released from his commitment. He also filed a separate petition for release. In his petition, he stated that he was entitled to an independent evaluation to determine whether his mental abnormality or personality disorder had changed. The State responded, arguing that Williams was not entitled to an independent evaluation and that he failed to establish probable cause to show that he could be safely placed in the transitional release program. Finding Williams to be indigent, the court appointed an attorney to represent him.

The district court held a preliminary hearing in January 2020 to determine whether there was probable cause to warrant an evidentiary hearing on Williams' petition. At the hearing, Williams' attorney argued that Williams had no recent significant rule violations, did not display sexual behaviors, and participated in the majority of his individual therapy

2

sessions over the last year. Williams' attorney acknowledged that Williams was not attending all of his required classes.

The State's attorney explained that Williams was on Tier One of the program. According to the attorney, Tier One is the first step of the program and is designed to help a person acquire skills so that the person can operate safely in society. Tier Two involves structured outings which are observed by staff members. Tier Three includes residential placement for the individual and less supervision by staff. Finally, transitional release involves significantly less supervision. An individual on transitional release can own his own car, is likely employed and paying bills, and making contacts in the community. An SVP is not eligible for transitional release until all three Tiers have been successfully completed. Williams, the State's attorney explained, had not even completed the programs—group therapy and treatment—necessary to complete Tier One.

Moreover, Williams did not complete his journal or record any fantasy logs, both of which his therapist could use to help with treatment. Nor had Williams participated in creating a plan for his therapy. The State also noted that Williams had not participated in any polygraph examinations.

After hearing arguments from both attorneys, the district court denied Williams' petition. The court reasoned that Williams failed to show that there was probable cause for a full hearing and that William's lack of participation and progress in the program meant that the cost of an independent evaluation was not justified.

Williams timely appealed. Additional facts will be added below as necessary.

ANALYSIS

*The district court did not err by denying Williams' request for an independent evaluation.*

District courts have discretion to determine whether to appoint an independent examiner for an annual review hearing. K.S.A. 2019 Supp. 59-29a08(c). Appellate courts review a district court's decision on whether to appoint an independent examiner at the annual review stage for abuse of discretion. *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

After an individual has been civilly committed as an SVP, the individual is entitled to an annual review of his mental condition. K.S.A. 2019 Supp. 59-29a08(a). As part of the review process, the individual may request an independent examination. If the individual is indigent, "the court shall determine whether the services are necessary and shall determine the reasonable compensation for such services." K.S.A. 2019 Supp. 59-29a08(c). When making the determination, the court "shall consider factors including the person's compliance with institutional requirements and the person's participation in treatment to determine whether the person's progress justifies the costs of an examination." K.S.A. 2019 Supp. 59-29a08(c).

Williams argues that the district court was not clear in its reasons for denying his request for an independent examiner. However, the record belies his argument. In its journal entry, the district court clearly stated that due to the "failure of participation" and "his lack of compliance with institutional requirements" Williams' "progress does not justify the cost of an examination." The record supports the district court's decision.

4

In his September 2019 annual examination, it was noted that Williams did "not attend any groups or classes at all and he does not turn in any journaling or fantasy logs either." Nor did Williams participate in his Comprehensive Integrated Treatment Plan or take any polygraphs within the previous review year. When asked about his lack of participation, Williams explained to the reviewer that he had developed an ulcer on his foot so he stopped going to classes because his foot would swell if he sat on a chair for too long.

The district court was not persuaded by Williams' argument that he was unable to attend classes and participate in the program because of his foot. The district court provided enough reasoning to support its decision. And the court's decision was not unreasonable under the circumstances. The district court did not abuse its discretion by denying Williams' request for an independent evaluation. See K.S.A. 2019 Supp. 59-29a08(c).

*The district court did not err in denying Williams' request to be placed in transitional release.*

Williams also argues that the district court erred when it denied his petition to be placed in transitional release.

Appellate courts apply a de novo standard of review when determining whether a committed SVP has demonstrated probable cause exists to show that the person's mental abnormality or personality disorder had so changed that he was safe to be placed in transitional release. *In re Care & Treatment of Burch*, 296 Kan. 215, 222-23, 291 P.3d 78 (2012). The person demanding a hearing on transitional release bears the burden of establishing probable cause, therefore courts consider the evidence in a light most favorable to the committed person and resolve all evidence in his favor. K.S.A. 2019 Supp. 59-29a08(d); *In re Burch*, 296 Kan. at 225.

Under the SVPA, a person is deemed an SVP if the person "has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence and who has serious difficulty in controlling such person's dangerous behavior." K.S.A. 2019 Supp. 59-29a02(a). Relevant to this case, Williams was originally diagnosed with pedophilia and an exhibitionistic disorder.

If a person committed under the SVPA participates in an annual review hearing, the person must establish that "probable cause to believe the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release." K.S.A. 2019 Supp. 59-29a08(d). It is presumed that the person cannot establish probable cause "[i]f the person does not participate in the prescribed treatment plan." K.S.A. 2019 Supp. 59-29a08(d). Here, the district court did not err when it denied Williams' petition to be placed on transitional release.

First, as discussed above, Williams failed to participate in the program. Under K.S.A. 2019 Supp. 59-29a08(d), that alone is enough to bar his placement in transitional release. Beyond his lack of participation in the program, Williams continues to refuse to accept responsibility for his crimes.

In his 2019 review interview, Williams explained that his daughter initiated the sexual contact and that he stayed "[o]ut of curiosity." This explanation substantially minimizes and, in fact, contradicts the facts of his underlying criminal case and his admission to those facts. His statement suggests that he is placing blame on his victims who were 8, 9, and 11 years old at the time. Williams also informed the interviewer that his support group outside the program included his daughter—one of the victims of his abuse. Williams acknowledged that he was not supposed to contact her but he said that he did so through a friend. According to the evaluator, Williams remained a sexually violent

6

predator as defined by the act. Part of that determination included scores from tools designed to assess an individual's risk of reoffending.

One test, the Static-99R, indicated that Williams was in the "'Above Average Risk'" category for reoffending. In the other assessment, the ACUTE-2007, Williams' scored at a moderate level for general recidivism and at a high level for sex and violence risk. The evaluator determined that, overall, Williams' current risk was within the moderate to high range. Moreover, Williams maintained his diagnoses for pedophilia and an exhibitionistic disorder.

Given this information, even when examining the evidence in a light most favorable to Williams, the district court did not err when it denied his petition. Williams failed to establish that probable cause existed to believe that his mental abnormality or personality disorder had significantly changed so that he was safe to be placed in transitional release. See K.S.A. 2019 Supp. 59-29a08(d).

The judgment of the district court is affirmed.

Affirmed.