NOT DESIGNATED FOR PUBLICATION

No. 124,786

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
MARK WILSON.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed November 23, 2022. Affirmed.

*Dwight D. Alexander II*, of The Alexander Law Firm, LLC, of Kansas City, for appellant.

*Kurtis K. Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and SCHROEDER, JJ.

PER CURIAM: Mark Wilson, who is currently in Tier 1—the lowest of three tiers—in the sexual predator treatment program (SPTP), timely appeals the district court's denial of his request for appointment of an independent medical expert to evaluate him. Wilson also appeals the district court's denial of his request for transitional release under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq., claiming he established probable cause to move to an evidentiary hearing to consider transitional release. Our extensive review of the record reflects no error by the district court. We affirm.

1

In July 2006, the district court found Wilson to be a sexually violent predator and ordered him committed to the custody of the Secretary of the Department of Social and Rehabilitation Services (Secretary) for treatment. Wilson was admitted to the SPTP in August 2006.

*2021 Annual Report of Mental Condition*

The KSVPA requires an annual examination of a resident's mental condition. Wilson's 2021 annual report reflected Wilson had achieved purple privilege, which was the highest level of privilege a resident can attain on Tier 1 of the program. The report also noted 11 significant events that had occurred over the review period. Those events included Wilson insulting other residents, asking a nurse if they could get a drink together sometime, following a nurse while she was doing checks, failing to meet room expectations, and telling another resident an inappropriate story about a prior sexual relationship. When asked about these events, Wilson stated the nurse who reported him for following her was giving him false hope by coming to his room to look at his crotch. The 2021 annual report also stated Wilson was diagnosed with pedophilic disorder, sexually attracted to both, nonexclusive type, antisocial personality disorder, and methamphetamine substance abuse disorder, although he had not used methamphetamines in over a year.

As part of the annual examination, Wilson was administered several tests to assess his risk for recidivism and need for treatment. The Static-99R-2003 placed Wilson at "Well Above Average Risk," and the ACUTE-2007 placed him as a moderate priority for general recidivism and a high priority for sex and violence risk. The STABLE-2007 placed Wilson on the high end of the moderate treatment needs category. Taken together, the tests placed Wilson in a moderate risk/need category. The 2021 annual report

concluded Wilson's mental abnormality/personality disorder had not significantly changed so that it would be safe for him to move on to transitional release.

Wilson signed and acknowledged his annual notice of his right to petition the district court for transitional release over the Secretary's objection. He requested counsel be appointed to represent him in his annual review hearing. His counsel petitioned the district court for appointment of an independent medical examiner under K.S.A. 2021 Supp. 59-29a08 and requested transitional release over the Secretary's objection.

*Annual Review Hearing*

The district court held a hearing on Wilson's 2021 annual review request and considered whether to appoint an independent medical expert. The State admitted Wilson was "participating [in the program] to a degree" because he was employed through vocational services. But the State argued appointment of a medical examiner was not justified because Wilson had not fully participated in the program as he struggled to accept feedback, had boundary issues, and violated several rules.

The district court found Wilson's progress did not justify appointment of an independent medical examiner, noting the annual report did not support Wilson's claims he had changed and he was still on Tier 1 of the three-tier SPTP. The district court also denied Wilson's request for a transitional release because his annual evaluation results reflected he was in the moderate risk/need category and was a high priority for sex and violence risk. The district court acknowledged Wilson had made some progress in the program but was concerned with Wilson's belief he did not need to progress through all the tiers of the SPTP to reach transitional release.

DISCUSSION

*The District Court Did Not Abuse Its Discretion when It Denied Wilson's Request for Appointment of an Independent Medical Examiner*

Wilson claims the district court should have appointed an independent medical examiner to evaluate his condition under K.S.A. 2021 Supp. 59-29a08(c). The appointment of an independent medical examiner is within the district court's discretion. K.S.A. 2021 Supp. 59-29a08(c). Therefore, we review the district court's decision about whether to appoint an examiner under an abuse of discretion standard. *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011). "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable." 46 Kan. App. 2d at 311. If reasonable persons could differ about the court's decision to appoint a medical expert, the court did not abuse its discretion. 46 Kan. App. 2d at 311. An abuse of discretion can also occur when a district court bases its decision on an error of law or fact. *In re Care & Treatment of Ritchie*, 50 Kan. App. 2d 698, 702, 334 P.3d 890 (2014).

In considering whether a patient's progress justifies the cost of an independent examination, courts consider factors including "the person's compliance with institutional requirements and the person's participation in treatment . . . ." K.S.A. 2021 Supp. 59-29a08(c). Wilson does not claim the district court made an error of law or fact but argues the district court made an unreasonable determination using its discretion. According to Wilson, his compliance with institutional requirements and participation in treatment more than warranted appointment of an independent medical examiner.

Wilson highlights he is currently on the highest privilege level offered to patients—purple privilege. He points out:

- He has complied with registration requirements;

- he has attended 100 percent of groups and classes;

- he has 100 percent compliance with medication and medical appointments;

- he has maintained consistent program advancement;

- he has complied with all paperwork and requests from central information management;

- he has maintained his hygiene; and

- he has met room requirements.

Wilson also claims he has satisfied the second factor—that he participates in treatment. Wilson disagrees with the district court's finding he is not taking his treatment seriously and asserts his participation and progress is shown by his privilege level. Wilson also references the annual report's statement about his progress on changing his behaviors and thinking processes while having difficulty with his peers.

However, Wilson does not address the district court's primary concern with his participation in treatment—that Wilson is only on Tier 1 of the three-tier SPTP and believes he need not progress through the program and should just be allowed to go home. Patients on Tier 1 must work through Tiers 2 and 3 before moving to the two outpatient tiers—transitional release and conditional release. *In re Care & Treatment of Ritchie*, No. 124,773, 2022 WL 4391892, at *2 (Kan. App. 2022) (unpublished opinion).

We observe no abuse of discretion as a reasonable person could agree with the district court the appointment of an independent medical examiner was not justified given Wilson's current placement on Tier 1 of the three-tier SPTP and his lack of progress in treatment.

*Wilson Failed to Meet His Burden of Proof to Show Probable Cause Existed to Support His Request for Placement in Transitional Release*

Under the KSVPA, a committed person has the right to an examination of his or her mental condition once every year. K.S.A. 2021 Supp. 59-29a08(a). After receiving an annual report from the Secretary, the committed person may request an annual review hearing and petition for transitional release. K.S.A. 2021 Supp. 59-29a08(b). At the review hearing, the committed person must show probable cause to believe the person's mental abnormality or personality disorder significantly changed so that he or she is safe to be placed in transitional release. K.S.A. 2021 Supp. 59-29a08(d). The district court must determine whether there is sufficient evidence "to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that [the committed person's] mental abnormality or personality disorder [has] so changed" to support the person's placement in transitional release. *In re Care & Treatment of Burch*, 296 Kan. 215, 226, 291 P.3d 78 (2012).

We apply a de novo standard of review when a person committed under the KSVPA appeals a district court's probable cause determination after an annual review hearing. *In re Care & Treatment of Burch*, 296 Kan. at 222-23. When making this determination, we, like the district court, must consider the evidence in the light most favorable to the committed person and resolve all conflicting evidence in that person's favor. 296 Kan. at 225.

Wilson argues he presented sufficient evidence to show probable cause his mental abnormality or personality disorder has significantly changed to warrant an evidentiary hearing to consider his placement in transitional release. But his 2021 annual report scored him as a moderate to high risk/need category and a high priority for sex and violence risk, he remains on the first tier of the SPTP, and he is still diagnosed with pedophilic disorder, among other disorders. The annual report concluded Wilson's

6

diagnosis had not so significantly changed to warrant his placement in transitional release because he is likely to engage in repeat acts of sexual violence at this time.

Even when viewing the evidence in the light most favorable to Wilson, he has not shown sufficient evidence to cause a person of ordinary prudence and action to reasonably believe Wilson's mental condition has so changed to warrant an evidentiary hearing to consider his placement in transitional release. See K.S.A. 2021 Supp. 59-29a08(g); *In re Care & Treatment of Burch*, 296 Kan. at 226.

Affirmed.