NOT DESIGNATED FOR PUBLICATION

No. 125,848

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
DAVID W. THAYER

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Submitted without oral argument. Opinion filed November 17, 2023. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kurtis K. Wiard*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GARDNER and CLINE, JJ.

PER CURIAM: David W. Thayer appeals the district court's denial of transitional release from his commitment as a sexually violent predator under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq. Thayer claims the district court erred in finding that he did not meet his burden to show probable cause that his mental abnormality or personality disorder had so significantly changed that it would be safe to place him on conditional release. After reviewing the record, we agree with the district court that Thayer has not met his burden, and we affirm the district court's judgment.

FACTS

In 2001, while Thayer was incarcerated for sodomy with a child over 14 but under 16 years old, the State filed a petition alleging that Thayer was a sexually violent predator under the KSVPA. A trial was held on June 8, 2003, where a jury found that Thayer was

1

a sexually violent predator. The district court ordered that Thayer be committed to the custody of the Secretary of Social and Rehabilitation Services.

Thereafter, annual reports concerning Thayer's progress in treatment were provided to the district court. Following the 2014 report, Thayer petitioned the district court for transitional release. The district court denied the petition based on the records after an annual review hearing, finding that Thayer had failed to show probable cause to believe that his mental abnormality or personality disorder had so changed that he was safe for placement in transitional release. This court affirmed the district court's judgment on appeal. *In re Care and Treatment of Thayer*, No. 116,444, 2017 WL 2617152, at *7 (Kan. App. 2017) (unpublished opinion).

On January 10, 2022, the district court received an annual report on Thayer's progress. The report showed that Thayer was diagnosed with pedophilic disorder, major depressive disorder, an intellectual developmental disorder, and a personality disorder with antisocial and dependent features. During the year, Thayer had attended all of his therapy appointments. Thayer completed two polygraphs with a result of no significant reaction. Thayer had received no notifications for the year, no daily activity reports for hostile or deviant behavior, but had received two daily activity reports for verbalizing frustration with a nurse and for "having something on his light fixture which he immediately removed." He completed a financial wellness class and an ethics class. The combined results of the "Static-99R-2003 and Stable-2007" examinations suggested a risk profile of "'Below Average.'" But the report conceded that these assessments likely underestimate the degree of recidivism over a subject's lifetime.

The annual report also described how Thayer's treatment program consisted of three inpatient tiers and two supervised outpatient treatment tiers. At the time of the report, Thayer remained in the first of the three inpatient tiers, which focuses on skill acquisition and encouragement "to address the individual issues which contributed to his

2

placement . . . ." Thayer was progressing through the tier one requirements but had not yet completed a relapse prevention plan required to be elevated to the second tier of inpatient treatment. The reported concluded with a recommendation that Thayer's condition "has not so significantly changed that it would be safe for Mr. Thayer to be placed in Transitional Release, as it is likely he may engage in repeat acts of sexual violence if placement was to occur at this time."

On May 2, 2022, Thayer requested an annual review hearing and the appointment of an independent examiner. The district court ultimately denied Thayer's request for an independent evaluation and set the date for the annual review hearing.

The district court held a review hearing on November 28, 2022. Thayer appeared with counsel and was allowed to address the court on his status in the treatment program. Thayer, through his own statement and through counsel, argued that his attendance record, completion of classes, and his favorable assessment scores created probable cause to justify an evidentiary hearing on his request for transitional release. The State argued that while Thayer's progress was commendable, it was merely progress within the first tier of his treatment program and that his relapse prevention plan would need to be tested in the program's second tier to determine the actual effectiveness of treatment.

After hearing the arguments, the district court agreed with the State and denied Thayer's request for transitional release. The district court commended Thayer on his progress and encouraged him to continue his treatment. But the district court found that Thayer's recurrent fantasies, the lack of a relapse prevention plan, and the lack of treatment and prevention plan testing under the second tier of his program all prohibited a probable cause finding that Thayer's condition had so significantly changed that it would be safe to place him in transitional release. The next day, the district court entered a written journal entry reaffirming its findings from the bench. Thayer timely appealed.

ANALYSIS

Thayer claims the district court erred in finding that he did not meet his burden to show probable cause that his mental abnormality or personality disorder had so significantly changed that it would be safe to place him on conditional release. The State disagrees. We note that Thayer's notice of appeal stated he was appealing from the denial of transitional release and the denial of an independent evaluation, but Thayer makes no argument in his brief challenging the denial of his request for an independent evaluation. An issue not briefed is considered waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020).

We review de novo the district court's probable cause determination under the KSVPA. *In re Care and Treatment of Burch*, 296 Kan. 215, 223, 291 P.3d 78 (2012). Thayer, as the person seeking transitional release, bears the burden to show probable cause that he should be placed on transitional release. Thayer's burden is satisfied when the evidence is "sufficient to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that [Thayer's] mental abnormality or personality disorder had so changed that he was safe to be placed in transitional release." 296 Kan. at 226. We review the evidence in the light most favorable to the committed person and resolve all conflicting evidence in that person's favor. 296 Kan. at 224.

After an individual is civilly committed as a sexually violent predator, the person is entitled to receive an annual review hearing under K.S.A. 2022 Supp. 59-29a08 to determine whether the individual is ready for transitional release. K.S.A. 2022 Supp. 59-29a08(a) states: "Each person committed under the Kansas sexually violent predator act shall have a current examination of the person's mental condition made once every year." The annual report is forwarded to the district court that committed the person under the act. K.S.A. 2022 Supp. 59-29a08(b) provides that the "person must file a request for an annual review hearing within 45 days after the date the court files the annual written

notice." At the annual review hearing, "the burden of proof shall be upon the person to show probable cause to believe the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release." K.S.A. 2022 Supp. 59-29a08(d).

On appeal, the parties renew the arguments that they made in district court. Thayer points to his favorable assessment scores, his attendance history, the completion of polygraphs without a significant reaction, and the completion of a personal finance and ethics class as evidence supporting probable cause. The State focuses on the evidence that Thayer had not progressed beyond the first tier of his inpatient treatment program. The State also points to Thayer's diagnosed conditions and disorders, and that the annual report confirmed that he still needed to "'work on managing his recurrent sexual fantasies'" and "complete a relapse prevention plan." Both parties cite exclusively to the annual report to support their positions.

We agree with the district court's analysis and conclusion that Thayer has not shown probable cause. The annual report shows that Thayer made progress on his treatment plan and that Thayer was engaged in his treatment. We, like the district court, commend Thayer's progress and encourage him to continue treatment. Even so, and in the light most favorable to Thayer, the evidence does not support probable cause. While Thayer made progress on his treatment program, he did not progress beyond the first tier of inpatient treatment, which focuses on skill acquisition and encouragement to address the issues that led to his confinement. At the time of the annual report, Thayer had not completed a relapse prevention plan and had not progressed to the second of three tiers of inpatient treatment. One of Thayer's short term treatment goals was to work on recurrent sexual fantasies. The annual report concluded with a recommendation that Thayer still met the definition of a sexually violent predator and that his mental abnormality or personality disorder had not significantly changed to warrant transitional release.

5

In sum, the evidence shows that Thayer participates in treatment to acquire the skills to prevent recidivism, but he does not have a relapse plan in place to apply those skills and he has not progressed to a point in his treatment where he can show successful skill application. Participation in treatment does not, by itself, demonstrate change. Indeed, "[t]he test for transitional release is not 'potential' change, and it is not enough to show the committed person has participated in the treatment program." *In re Care and Treatment of Randall Joe Ritchie*, No. 124,773, 2022 WL 4391892, at *7 (Kan. App. 2022) (unpublished opinion), *rev. denied* 317 Kan. ___ (2023). Under these facts, a person of ordinary prudence and action could not conscientiously entertain a reasonable belief that Thayer's mental abnormality or personality disorder had so changed that he was safe to be placed in transitional release.

Affirmed.