NOT DESIGNATED FOR PUBLICATION

No. 126,085

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
ROBERT DAVIS JR.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Submitted without oral argument. Opinion filed January 19, 2024. Affirmed.

*Charles Joseph Osborn*, of Osborn Law Office, LLC, of Leavenworth, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, P.J., ATCHESON, J., and MARY E. CHRISTOPHER, S.J.

PER CURIAM: Since being confined for treatment as a sexually violent predator in December 2018, Robert Davis Jr. has annually requested that the Sedgwick County District Court order his placement in a transitional living program—the final preparatory step to being conditionally released. He has been denied each time. In this appeal, Davis challenges the district court's denial based on the 2022 report and supplement prepared by members of the treatment program's clinical staff recommending no change in his placement. We find no error in the district court's ruling and affirm.

By statute, persons held for treatment under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq., are to be clinically evaluated each year and a report of their status is to be forwarded to the district court that ordered their commitment. K.S.A. 2022 Supp. 59-29a08(a). The inmates may petition the appropriate district court for review

1

hearings to consider whether they should be placed in the transitional release phase of the treatment program. K.S.A. 2022 Supp. 59-29a08(b). The hearing process unfolds in two sequential steps. The district court initially determines if the petitioner, here Davis, has shown probable cause to believe the mental abnormality triggering his confinement has sufficiently changed to warrant placement in transitional release. K.S.A. 2022 Supp. 59-29a08(d). If the petitioner makes that showing, the district court must hold a full evidentiary hearing at which the State bears the burden of proving beyond a reasonable doubt the petitioner is unfit for transitional release. K.S.A. 2022 Supp. 59-29a08(g).

Here, Davis sought a review hearing for consideration of the 2022 report on his status, along with a supplemental report. The district court appointed a lawyer to represent Davis at the probable cause hearing but declined to authorize an independent clinical evaluation of Davis. And Davis was not present for the hearing. See K.S.A. 2022 Supp. 59-29a08(c) (The district court may, in its discretion, order an independent clinical examination of an indigent petitioner in advance of the probable cause hearing.); K.S.A. 2022 Supp. 59-29a08(e) (petitioner entitled to legal representation at probable cause hearing; but petitioner need not be present).

After reviewing the annual report and related materials and hearing argument from the lawyers for Davis and the State, the district court concluded Davis failed to demonstrate probable cause that his deleterious mental condition had substantially improved. The hearing record established that Davis remained in the first phase of the three-phase treatment protocol for placement in transitional release—the step immediately preceding conditional release and then, ultimately, full release from the treatment program.

The report and supplement showed Davis generally complied with many of the program requirements and objectives. But the picture was not categorically positive. Davis didn't consistently maintain his medication regimen and displayed negative

2

behavioral traits as a result. Davis directed angry outbursts at staff and other program participants. And Davis—in the view of the clinicians preparing the reports—did not deal appropriately with a sexual attraction he developed for one of his therapists. The report noted that several actuarial instruments designed to predict the likelihood of recidivism among sex offenders placed Davis in what would be considered at least a moderate range for reoffending. The clinicians concluded Davis was appropriately placed in the first stage of the treatment program.

In the district court, Davis' lawyer assailed the original commitment proceeding as unfair and disputed the effectiveness of the treatment program generally as a genuinely rehabilitative process for sex offenders rather than as tool to continue their confinement beyond the prison terms they had already served. Those rhetorical thunderclaps produced no legal lightning. They are not germane to the narrow issue relevant in an annual review hearing.

The district court declined to order a full evidentiary hearing, effectively denying Davis relief. Davis has appealed that ruling.

On appeal, Davis basically argues he satisfied his burden of demonstrating probable cause to believe his mental condition had substantially improved, thereby warranting an evidentiary hearing on his request to be placed in transitional release. We owe no particular deference to the district court's conclusion because it rests on essentially undisputed evidence and involved no credibility determinations. *In re Estate of Oroke*, 310 Kan. 305, 310, 445 P.3d 742 (2019) ("Application of legal principles to undisputed facts involves questions of law subject to de novo review."); *In re Care & Treatment of Burch*, 296 Kan. 215, 223, 291 P.3d 78 (2012) (unlimited appellate review of district court's probable cause determination in annual review hearing based on clinical reports and lawyers' arguments). We, like the district court, must view the hearing record in a light favoring Davis and in support of a probable cause finding. 296 Kan. at 224.

3

In this context, "probable cause" mirrors the customary definition given the phrase in the criminal law: "[W]hether there is sufficient evidence to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that the committed person's mental abnormality or personality disorder has so changed that the person is safe to be placed in transitional release." *In re Care & Treatment of Sipe*, 44 Kan. App. 2d 584, 593, 239 P.3d 871 (2010); see *In re Care & Treatment of Miles*, 47 Kan. App. 2d 429, 434-35, 276 P.3d 232 (2012) (adopting standard set out in *Sipe* and noting match with criminal law test for probable cause). Although probable cause is a comparatively relaxed standard, falling well below a preponderance of the evidence, it still requires evidence of some substance in support of the proposition to be proved. See *State v. Walker*, 283 Kan. 587, 595, 153 P.3d 1257 (2007) (Substantial evidence is that which might cause a reasonable person to accept a given factual conclusion.).

Having reviewed the hearing record and considering the limited issue before us, we find the district court correctly concluded Davis failed to establish probable cause that he should be placed in the transitional phase of the treatment program. The annual report and supplement conclude Davis remains properly placed in the initial treatment phase and cite substantial factual bases for the conclusion. Davis failed to adhere to his medication regimen, leading to problematic behavior. He apparently failed to deal appropriately with certain sexual urges he felt toward a therapist. And actuarial testing suggested he remained at a demonstrable risk for reoffending. See *In re Care & Treatment of Cone*, 309 Kan. 321, 332, 435 P.3d 45 (2019) (finding scientific foundation for actuarial test designed to measure potential recidivism of sex offenders sufficiently reliable, so test results admissible in commitment proceeding). Davis neither undermined the factual representations in the report and supplement nor called into question the credibility of the clinicians preparing those materials.

In short, the record fails to show marked positive changes in Davis' mental condition that would foster a reasonable belief he is an appropriate candidate for

transitional placement, in effect skipping two levels of progressive treatment conducted within the facility.

       Affirmed.