**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TIMOTHY J. BURCH,

      Plaintiff-Appellant,

v.

DON JORDAN, Secretary, Kansas
Department of Social and
Rehabilitation Services, in his official
and individual capacity; MARK E.
SCHUTTER, Doctor, Superintendent,
Larned State Hospital, in his official
and individual capacity; AUSTIN
DESLAURIERS, Doctor, Program
Clinical Director, Kansas Sexual
Predator Treatment Program, Larned
State Hospital, in his official and
individual capacity; LEO HERMAN,
Doctor, Program Administrative
Director, Kansas Sexual Predator
Treatment Program, Larned State
Hospital, in his official and individual
capacity; MAYDA NEL STRONG,
Doctor, Supervising Psychologist,
Kansas Sexual Predator Treatment
Program, in her official and individual
capacity; STACY PAIGE, Acting
Director, Osawatomie Transitional
House Services, Osawatomie State
Hospital, in her official and individual
capacity; KERI APPLEQUIST,
Primary Therapist, Kansas Sexual
Predator Treatment Program, in her
official and individual capacity;
SANDRA GRAY, Clinical Social
Work Supervisor, Kansas Sexual
Predator Treatment Program, in her

No. 11-3018
(D.C. No. 5:07-CV-03236-JAR-KGS)
(D. Kan.)

official and individual capacity;
DENNIS SMITH, Primary Therapist,
Kansas Sexual Predator Treatment
Program, in his official and individual
capacity; BROOK THOMPSON,
Primary Activity Therapist II, Kansas
Sexual Predator Treatment Program, in
her official and individual capacity;
CORY TURNER, Primary
Psycho-Educational Supervisor,
Kansas Sexual Predator Treatment
Program, in his official and individual
capacity; LANCE HAGERMAN,
Primary Activity Therapist I, Kansas
Sexual Predator Treatment Program, in
his official and individual capacity;
JOHN DOE, officials, agencies or
entities, including, but not limited to,
any and all Counselors or Treatment
Team, Clinical Team and Leadership
Team, or Clinical Psychologists or
Psychiatrists who aid, abet, assist,
and/or work for the Kansas SPTP;
JANE DOE, Mail Clerk, officials,
agencies or entities, including, but not
limited to, any and all Counselors or
Treatment Team, Clinical Team and
Leadership Team, or Clinical
Psychologists or Psychiatrists who aid,
abet, assist, and/or work for the
Kansas SPTP; ROBERT E.
CONNELL, Doctor, Acting
Superintendent, Larned State Hospital,
in his official and individual capacity;
LEE FLAMIK, Program
Administrative Director, Kansas
Sexual Predator Treatment Program, in
his official and individual capacity;
MATTHEW BROUS, Program
Consultant, Kansas Sexual Predator

-2-

Treatment Program, in his official and individual capacity; PENNY RIEDEL, Activity Therapist II, Kansas Sexual Predator Program, in her official and individual capacity,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

The Kansas Sexually Violent Predator Act, Kan. Stat. Ann. §§ 59-29a01 to 59-29a22 ("KSVPA"), provides that individuals adjudged to be sexually violent predators due to a mental abnormality or personality disorder

> shall be committed to the custody of the secretary of social and rehabilitation services for control, care and treatment until such time as the person's mental abnormality or personality disorder has so changed that the person is safe to be at large. Such control, care and treatment shall be provided at a facility operated by the department of social and rehabilitation services.

Kan. Stat. Ann. § 59-29a07(a).

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Timothy J. Burch is a sexually violent predator committed to the Sexual Predator Treatment Program ("SPTP") at Larned State Hospital. He and other Larned residents initiated this action under 42 U.S.C. § 1983 to challenge the adequacy of the SPTP provided at Larned. The other residents voluntarily dismissed their claims, but Mr. Burch filed an amended complaint, insisting the SPTP is inadequate to treat his condition and provide a realistic opportunity for his release.[1] Ancillary to that claim, Mr. Burch alleged that defendants have improperly punished him by, among other things, interfering with his educational endeavors, revoking his work privileges, and reducing his treatment classification level through manipulation of his treatment progress scores (known as criminogenic assessment scores). He also protested the confiscation of various personal effects and the limited resources available in his law library.

Defendants moved to dismiss the action, but Mr. Burch moved to strike the motion as untimely under the district court's scheduling order. The court refused to strike the motion to dismiss, explaining that it was not subject to strike under Fed. R. Civ. P. 12(f), and appeared to be within the deadline for filing dispositive motions in any event. The court also noted that Mr. Burch was not prejudiced because he had already negotiated an extension of time to respond to the motion.

---

[1]     Mr. Burch proceeds pro se, as he did in the district court. We construe his pro se materials liberally, but "we do not assume the role of [his] advocate." *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (quotation omitted).

Having failed to convince the court to strike the motion to dismiss, Mr. Burch moved for appointment of counsel. Without ruling on his request, however, the court dismissed the action with prejudice. In a fifty-two page opinion, the court analyzed Mr. Burch's allegations, distilled his claims, and concluded he was not entitled to relief. As is relevant to this appeal, the court determined that most of Mr. Burch's claims failed to adequately allege defendants' personal participation in the claimed misconduct. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (quotation omitted)).

As for the rest of his claims, the court discussed the unique principles and standards governing the KSVPA and concluded that Mr. Burch failed to state a cognizable claim for relief. Regarding the claims of inadequate treatment, the court ruled that Mr. Burch enjoyed no substantive due process right to treatment culminating in his release. *See Kansas v. Hendricks*, 521 U.S. 346, 366 (1997) ("[W]e have never held that the Constitution prevents a State from civilly detaining those for whom no treatment is available, but who nevertheless pose a danger to others."). Nor did he sufficiently allege, ruled the court, that defendants deviated from their presumptively valid professional judgments in treating him. *See Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) ("[L]iability may be imposed only when the decision by the professional is such a substantial

departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."). Although Mr. Burch claimed that defendants falsified his criminogenics scores to alter his treatment classification level and forestall his release, the court recognized there were no facts indicating the scores were the product of malicious or retaliatory intent rather than a presumptively valid professional judgment. And, since Mr. Burch possessed no liberty interest in his classification level, *see Williams v. DesLauriers*, 172 P.3d 42, 48 (Kan. Ct. App. 2007); *cf. Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) (recognizing that discretionary adjustment of inmate classification level does not implicate protected liberty interests), the court concluded he failed to state a claim.

Additionally, the court found no constitutional violation stemming from the interruption of Mr. Burch's educational and vocational activities, which the court recognized as mere privileges subject to retraction as necessitated by the SPTP. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). Likewise, Mr. Burch failed to state a claim based on the confiscation of his personal effects, specifically a shopping catalogue depicting children and a movie containing nudity and sexual themes, because the SPTP has legitimate institutional and therapeutic interests in banning such material. *See Jones v. Salt Lake County*, 503 F.3d 1147, 1155-56 (10th Cir. 2007). Finally, regarding his claim that the law library provided inadequate resources, the court construed Mr. Burch's allegations as a Sixth

Amendment claim for lack of access to the courts. But because he alleged no prejudice as a result of being hindered from pursuing litigation, the court determined that he failed to state a claim. *See Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006). Accordingly, the court concluded that absent a violation of any clearly established federal right, defendants were entitled to qualified immunity.

On appeal, Mr. Burch contends the district court erred in 1) denying his request to strike the motion to dismiss; 2) failing to rule on his request for counsel; 3) granting the motion to dismiss; and 4) granting defendants qualified immunity based on the failure to state a claim.

We review the district court's decisions on the motions to strike and appoint counsel for an abuse of discretion. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (appointment of counsel)*; Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) (strike). A dismissal for failure to state a claim is reviewed de novo, *see Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010), as is a grant of qualified immunity, which may be based on the failure to state a claim, *see, e.g., Peterson v. Jensen*, 371 F.3d 1199, 1201-02 (10th Cir. 2004) (reviewing de novo the denial of a Fed. R. Civ. P. 12(b)(6) motion in the context of qualified immunity).

We have reviewed the parties' appellate materials, the record on appeal, and the relevant legal authority, and we agree with the district court's thorough

and well-reasoned order. The court accurately analyzed Mr. Burch's claims and correctly determined that he was not entitled to relief. We are also convinced that even if the court failed to exercise its discretion to appoint counsel, any such error was harmless given the lack of merit in Mr. Burch's case, his demonstrated ability to present it, and the relatively straight-forward nature of his claims. *See Brown-Bey v. United States*, 720 F.2d 467, 471 (7th Cir. 1983) (holding that magistrate judge's failure to rule on motion for appointment of counsel was harmless given the clear lack of merit in appellant's case). And, we find no abuse of discretion in the court's refusal to strike the motion to dismiss. To the extent Mr. Burch raises any other issues, we find them to be meritless.[2] Accordingly, we AFFIRM the district court's judgment for substantially the same reasons articulated in the court's orders denying the motion to strike, dated April 5, 2010, and granting the motion to dismiss, dated December 22, 2010.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2] Mr. Burch suggests he ought to be allowed to again amend his complaint. The district court noted, however, that he did not seek leave to amend his complaint, and any attempt to do so would have been futile, given the absence of additional facts to support his claims. Based on our de novo review of the legal basis for finding futility, we perceive no abuse of discretion in the court's denial of leave to amend. *See Cohen*, 621 F.3d at 1314.