NOT DESIGNATED FOR PUBLICATION

No. 124,554

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
TIMOTHY JAMES BURCH.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed August 19, 2022. Affirmed.

*Timothy J. Burch*, appellant pro se.

*Shannon Grammel*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM:  Timothy J. Burch appeals the denial of his petition for transitional release under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A.  59-29a01 et seq. He raises two claims:  He was denied due process because his probable cause hearing was held in absentia and that the district court erred by refusing his request to retain an independent examiner at his own cost. Finding no error, we affirm.

*Factual and Procedural Background*

In 1989, Burch pleaded guilty to several sex crimes involving teenage boys, including aggravated criminal sodomy, indecent liberties with a child, and sexual exploitation of a child. *In re Care & Treatment of Burch*, 296 Kan. 215, 291 P.3d 78 (2012). After Burch served his prison sentence, the State petitioned to civilly commit

1

Burch to the Sexual Predator Treatment Program at Larned State Hospital. Burch stipulated that he met the statutory definition of a "sexually violent predator" (SVP) based on his criminal convictions and his diagnosis of pedophilia, so the district court civilly committed him. See K.S.A. 2021 Supp. 59-29a02(a) (defining "sexually violent predator" as "any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence"). Burch has remained involuntarily committed at Larned since June 2002.

Every year of his commitment, Burch has received annual examinations of his condition as required by law. Over the years, the district court has denied his many petitions for release. See *In re Burch*, 296 Kan. 215; *In re Care and Treatment of Burch*, No. 116,600, 2017 WL 3947430 (Kan. App. 2017) (unpublished opinion); *In re Care and Treatment of Burch*, No. 116,370, 2017 WL 2403389 (Kan. App. 2017) (unpublished opinion); *In re Care and Treatment of Burch*, No. 102,468, 2010 WL 3324271 (Kan. App. 2010) (unpublished opinion). Burch has appealed other adverse rulings as well in state and federal court. See *Burch v. Howard*, 57 Kan. App. 2d 860, 461 P.3d 840 (2020); *Burch v. Keck*, 56 Kan. App. 2d 1162, 444 P.3d 1000 (2019); *Burch v. Kansas Dept. for Aging and Disability Services*, No. 121,511, 2019 WL 6795825 (Kan. App. 2019) (unpublished opinion); *Burch v. Ash*, No. 116,599, 2017 WL 2021067 (Kan. App. 2017) (unpublished opinion); *Burch v. Bruffett*, No. 116,150, 2017 WL 754250 (Kan. App. 2017) (unpublished opinion); *Burch v. Bruffett*, No. 113,607, 2015 WL 7693761 (Kan. App. 2015) (unpublished opinion); *Burch v. Sullivan*, No. 109,175, 2013 WL 6389201 (Kan. App. 2013) (unpublished opinion); *Merryfield v. Sullivan*, No. 109,039, 2013 WL 4730565 (Kan. App. 2013) (unpublished opinion); *Burch v. Lynch*, No. 108,798, 2013 WL 2972822 (Kan. App. 2013) (unpublished opinion); *Merryfield v. Jordan*, No. 106,574, 2012 WL 3171872 (Kan. App. 2012) (unpublished opinion); *Burch v. Lynch*, No. 106,612, 2012 WL 718991 (Kan. App. 2012) (unpublished opinion); *Burch v. Jordan*, No. 07-3236-JAR, 2007 WL 4163637 (D. Kan. 2007) (unpublished opinion),

*refiled Burch v. Jordan*, No. 07-3236, 2010 WL 5391569 (D. Kan. 2010) (unpublished opinion), *aff'd Burch v. Jordan*, 444 Fed. Appx. 236 (10th Cir. 2011) (unpublished opinion).

In 2013, Burch successfully showed probable cause that his condition had changed so he received a jury trial on his petition for transitional release. But the jury found that Burch's mental abnormality or personality disorder had not so changed that he was safe to be placed in transitional release and, if he were transitionally released, he was likely to engage in acts of sexual violence. This court affirmed. *In re Burch*, 2017 WL 3947430.

Burch's appeal relates to his 2021 annual review filed by the Kansas Department for Aging and Disability Services (KDADS) Secretary. That annual review concludes that Burch's mental abnormality or personality disorder had not significantly changed; thus, it would not be safe to place him in transitional release. Burch received notice of his annual report and an acknowledgment and waiver form which he refused to sign.

Acting pro se, Burch asked for a review of the annual report and asked the court to order an independent examination. His petition asked the court to allow him to visit with an independent examiner whom he had personally retained and to allow him to be "physically present at the Annual Review Hearing so that he may be fully informed of the evidence, the arguments made, the evidence presented and possibly offer testimony." Soon after, Burch's counsel also petitioned for an annual review hearing.

On the day of the hearing, Burch did not appear in person, but his counsel asked for a continuance to allow time for an independent examination. The district court denied a continuance because of Burch's "lack of progress," stating that it saw no need for an independent evaluation. The district court then acknowledged that Burch "does some good things" and "a lot of what he should do." But based on Burch's hostility toward

others and his moderate to high-risk need category, the court denied his request for transitional release.

Burch timely appeals.

*Did the District Court Deny Burch Due Process?*

Under K.S.A. 2021 Supp. 59-29a08(a), an individual committed as an SVP must have an annual examination of his or her mental condition and an annual report made and forwarded "to the court that committed the person under the [KSVPA]." Based on this annual report, the committed individual may request an annual review hearing and petition for transitional release. K.S.A. 2021 Supp. 59-29a08(b). The annual review hearing is not an evidentiary hearing for transitional release. The SVP is entitled to attorney representation at the annual hearing but has no right to be present. See K.S.A. 2021 Supp. 59-29a08(e); *In re Burch*, 296 Kan. at 225-27.

At the annual review hearing, the SVP has the burden to show probable cause "sufficient to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that [the committed individual's] mental abnormality or personality disorder had so changed that he [or she] was safe to be placed in transitional release." 296 Kan. at 226. See K.S.A. 2021 Supp. 59-29a08(d).

Burch argues that the district court violated his rights by (1) holding the annual hearing in absentia, which denied him the adversarial process and the same rights as his criminal counterparts; (2) failing to meet the statutory requirements for commitment; and (3) denying Burch's counsel the opportunity to properly represent him. We address each claim below.

*Holding the Annual Review Hearing in Absentia*

We first address Burch's argument that he had a right to be present at his annual hearing. He contends that his absence allowed the State to escape the adversarial process, prejudicing him and making the hearing "one-sided." Burch adds that his attorney "knew nothing. . . because he does not live in the facility" and that even though Burch had the burden of proof, he was not allowed to present his own evidence.

The State responds that Burch's argument is not properly preserved. We agree that at the hearing, although Burch did not personally appear, he appeared through his attorney, who did not object to Burch's absence. Because there was no objection to his absence in district court, Burch's claim is being asserted for the first time on appeal and is subject to the general rule that alleged constitutional violations cannot be raised for the first time on appeal. See *In re Care and Treatment of Snyder*, 308 Kan. 626, 640, 422 P.3d 85 (2018).

But it is within the appellate court's discretion to review a newly raised claim if the appellant explains why a recognized exception to the general rule applies. *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 (2020). See Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 35). Burch does not invoke any recognized exception. Still, he argues that "[c]riminals have the right to be present at all stages of the criminal proceeding, for their fundamental liberty interest of freedom is at stake" and the criminals' rights set the "floor" for the process due him. We liberally read these statements as Burch's way to invoke the exception to prevent the denial of his fundamental rights. See 311 Kan. at 375. And we choose to reach the merits of this issue. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

In reviewing a procedural due process claim, we must first decide whether a protected liberty or property interest is involved. If it is, we then determine the nature and

extent of the process due. *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 409, 49 P.3d 1274 (2002).

The Kansas Supreme Court has held that "civil commitment . . . constitutes a significant deprivation of liberty that requires the protection of due process of law." *In re Care and Treatment of Sykes*, 303 Kan. 820, 824, 367 P.3d 1244 (2016). Burch thus easily meets the first part of the due process test.

We thus focus on the second part of the due process test. We agree with Burch that "'[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" *State v. Juarez*, 312 Kan. 22, 24, 470 P.3d 1271 (2020) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 [1976]). But a claimant can prove a due process violation only by showing denial of a specific procedural protection to which they were entitled. The procedural protection that a particular property right or liberty interest deprivation is due is resolved by a balancing test, weighing (1) the individual interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the State's interest in the procedures used, including the fiscal and administrative burdens that the additional or substitute procedures would entail. *Mathews*, 424 U.S. at 335. This court reviews whether a person received due process under specific circumstances de novo as it is a question of law subject to unlimited review. *In re Care and Treatment of Quillen*, 312 Kan. 841, 849, 481 P.3d 791 (2021).

That said, this court need not engage in the due process balancing test because the Kansas Supreme Court has already determined that the protections of the KSVPA statute satisfy the requirements of procedural due process. *In re Care & Treatment of Hay*, 263 Kan. 822, 831-32, 953 P.2d 666 (1998).

"These requirements are clearly satisfied by [the KSVPA], which provides for all necessary basic protections, including appointed counsel, a probable cause hearing, appointment of qualified experts for examinations, a jury trial requiring a unanimous decision, appeals, annual examinations, discharge petitions, hearings, and the strictest possible burden of proof on the State." 263 Kan. at 831.

Then, as now, the SVP had "a right to have an attorney represent the person at the hearing but the person is not entitled to be present at the hearing." K.S.A. 1995 Supp. 59-29a08; see K.S.A. 2021 Supp. 59-29a08(e) ("The person shall have a right to have an attorney represent the person at the annual review hearing to determine probable cause, but the person is not entitled to be present at the hearing."). And despite that fact, the KSVPA meets due process requirements. 263 Kan. at 831.

Despite this dispositive Kansas caselaw, Burch points to two Ninth Circuit Court of Appeals cases to support his position that as an SVP he should have the same rights as a pretrial detainee, *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004), or a prisoner, *Hydrick v. Hunter*, 449 F.3d 978, 993 (9th Cir. 2006). But besides being from other jurisdictions, those cases are factually distinguishable because they concern conditions of confinement rather than annual review hearings to determine probable cause.

This court has more recently reviewed the KSVPA and "emphasized that the [K]SVPA is facially constitutional but that district courts must follow the statutory mandates or risk violating due process rights in individual cases." *Griffin v. Bruffett*, 53 Kan. App. 2d 589, 596, 389 P.3d 992 (2017). Here, the district court followed the statutory requirements of the KSVPA, which Kansas courts have found protect a SVP's due process rights. Burch received an annual examination of his mental condition on May 28, 2021, which he refused to participate in. K.S.A. 2020 Supp. 59-29a08(a). The Secretary served Burch notice of the exam and included a waiver and acknowledgment form that Burch refused to sign. K.S.A. 2020 Supp. 59-29a08(a). Burch timely responded, petitioning the district court for a probable cause hearing. K.S.A. 2021 Supp.

59-29a08(b). Burch requested, but the district court denied, an independent examiner. K.S.A. 2021 Supp. 59-29a08(c). The district court reviewed Burch's annual exam and admitted it as evidence. K.S.A. 2021 Supp. 59-29a08(d).

The State articulates several reasons supporting the Legislature's determination that an SVP has no right to be present at a probable cause annual review hearing, including financial, temporal, and security concerns in transporting an SVP to the district court for the hearing. And although Burch had no right to be present at the hearing, he had an attorney appointed to represent him. K.S.A. 2021 Supp. 59-29a08(e) ("[T]he [committed] person is not entitled to be present at the hearing."). Through that attorney, Burch's right as a party to be heard was upheld. Burch points to no evidence that he wanted to admit that his attorney could not have admitted in his absence. Because the Kansas Supreme Court has held that the statutory scheme of the KSVPA is constitutional if followed, and because the district court followed it in Burch's case, Burch was not deprived of due process.

As a final note, Burch also argues his due process rights were violated because he did not get a probable cause hearing. He contends that because the district court must consider the evidence in the light most favorable to him, it should not have considered the State's annual report or other evidence against him. True, because Burch bears the burden of proof, this court must consider the evidence in the light most favorable to him and resolve all conflicting evidence in his favor. *In re Burch*, 296 Kan. at 225. But that standard in no way limits the State's ability to present admissible evidence—it dictates only how the district court draws inferences from all the evidence it admits. See K.S.A. 2021 Supp. 59-29a08(d) (stating the annual report is "admissible into evidence in the annual review hearing"). Because the KDADS's annual report is admissible and the district court properly used it in Burch's probable cause hearing, Burch's argument fails.

8

*Statutory Requirements for Commitment*

Burch next argues that the KDADS's annual report, which the district court relied on to deny Burch an evidentiary hearing for transitional release, fails to meet the statutory requirements. Burch contends that the annual report does not reflect his current mental status or progress and is "nothing more than a report card of what [he did] in the program over the last year." In support, Burch cites a footnote in *Holder v. State*, 123 So. 3d 136, 140 n.3 (Fla. Dist. Ct. App. 2013), which states: "The standard is not whether the offender has completed treatment; rather, it is whether his condition has changed such that it is safe for him to be at large." Burch asks this court to reject our statutory requirements and adopt this standard instead.

We are unpersuaded. Burch is correct that the annual report does discuss his progress in the program throughout the year. But the report is more thorough and more telling than that. The report detailed:

- the tier and privilege level Burch had achieved;
- his medical diagnoses, including pedophilic disorder, antisocial disorder, and narcissistic personality disorder;
- his current treatment plan;
- his participation levels in his treatment plan;
- his medications;
- his disciplinary actions;
- his actuarial results; and
- his future plan.

The report concludes with the recommendation that Burch not be placed in transitional release.

9

If the annual report is insufficiently thorough, that is due in significant part to Burch's choice not to participate in the interview process, year after year. On April 30, 2021, the examiner tried to interview Burch, but he declined, as he has for at least the last five years. And because Burch declined the interview process, no psychological testing could be completed.

Burch's annual report is admissible in the annual review hearing and is used "in the same manner and with the same force and effect as if the qualified expert had testified in person." K.S.A. 2021 Supp. 59-29a08(d). Thus, the district court had evidence establishing that Burch's mental conditions—pedophilic disorder, antisocial disorder, and narcissistic personality disorder—had not changed so much that he was safe for transitional relief. Based on the evidence in the annual report, the district court did not err by finding no probable cause of a change making it safe to place Burch in transitional release.

### Effective Assistance of Counsel

Burch also vaguely mentions that the district court denied his counsel the opportunity to properly represent him. But he does not develop this argument or provide us with support for it in the record. Because Burch did not adequately brief this issue, he waived or abandoned it. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

### Did the District Court Abuse Its Discretion by Not Appointing an Independent Examiner?

Burch next argues that the district court abused its discretion by denying him a continuance and by denying his request to retain an independent examiner at his own expense. He argues that the district court delayed in granting his motion and then relied

on that delay as reason to deny his motion. Burch also argues that he was entitled to an examiner because he was not asking the court to pay for the examiner.

Under the KSVPA, the appointment of an independent examiner is discretionary. K.S.A. 2021 Supp. 59-29a08(c). Thus, we review the district court's decision on whether to appoint an independent examiner for an abuse of discretion. *In re Care and Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011). Judicial discretion is abused if the judicial decision (1) is unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). The party asserting an abuse of discretion bears the burden to show abuse. 307 Kan. at 739. Burch does not claim that the district court made an error of law or fact, thus he argues solely that no reasonable person would take the same position as the district court.

We disagree. K.S.A. 2021 Supp. 59-29a08(c) provides that a "person may retain, or if the person is indigent and so requests the court may appoint, an examiner pursuant to K.S.A. 60-235." And K.S.A. 2021 Supp. 60-235(a)(2)(A) states that an order "[m]ay be made only on motion for good cause and on notice to all parties and the person to be examined." Thus the district court has discretion whether to appoint, or permit an SVP to retain, an independent examiner for the annual review probable cause hearing. Not until a transitional release hearing does an SVP "have the right to have experts evaluate the person on the person's behalf." K.S.A. 2021 Supp. 59-29a08(g). So Burch's offer to retain an examiner provides him no relief—he must still show good cause and the decision still rests in the district court's discretion.

Burch claims that the district court improperly denied his motion because of its concern that the case would be delayed. True, the independent examiner would need time to examine and issue a report, but Burch argues that if the district court were concerned about delay, it would not have waited 71 days after he filed the motion to rule on it.

11

Burch cites this court's decision in *Griffin* as support. In *Griffin*, the SVP complained that the district court took no action to review his confinement or to recommit him in four of the six years he was involuntarily confined. This court found that "the district court was shockingly indifferent to its statutory and constitutional obligations." 53 Kan. App. 2d at 596. It held that "[a]dequate case management tools need to be in place" and "the court and KDADS should not be able to shirk their responsibilities" for risk of mandamus actions or other redress. 53 Kan. App. 2d at 608. But "[w]hen the delay in hearing is caused by the district court's failure to act, a more appropriate remedy may be under a writ of mandamus to compel the court to take immediate action." 53 Kan. App. 2d at 607-08. Thus, Burch is correct that this court has instructed district courts to timely process KSVPA cases and fulfill their statutory duties.

Still, the district court did not deny Burch's motion for an examiner based on the time it would take to get an examination and report. The district court discussed the need for the examiner's report to be timely but only in saying that if it granted the motion, it would limit the time for its receipt of the report. But the district court's stated reason for denying the motion was Burch's emotional issues, his lack of progress, and his hostility toward others, not its concern over potential untimeliness of the report.

Nor did the district court fail to act or cause a delay in the hearing. As the district court acknowledged, the annual report was filed on June 2, 2021, Burch requested an annual review, pro se, on June 24, 2021, and his counsel petitioned for a hearing on July 10, 2021. The district court then explained that based on its availability and "some medical issues" the court's first available hearing date was September 2, 2021. We find nothing unreasonable in that.

We note that Burch has filed a Rule 6.09 letter of additional authority (2022 Kan. S. Ct. R. at 40), noting a California appellate court's holding that the preclusion of a defense expert witness in an SVP trial was reversible error. See *People v. Jackson*, 75

12

Cal. App. 5th 1, 27, 290 Cal. Rptr. 3d 301 (2022). But Burch fails to convince us this noncontrolling case is persuasive. First, Burch does not establish that the California laws on SVPs are equivalent to Kansas' laws. Second, even assuming the laws are similar, our facts are distinguishable from those in *Jackson* because the California court examined a commitment trial not an annual review hearing. And third, the California court made clear that its holding was case specific and reversible error would not always be found. 75 Cal. App. 5th at 27.

In conclusion, the district court reasonably determined that Burch failed to show good cause for an independent examiner. See, e.g., *In re Care and Treatment of Sells*, No. 123,020, 2021 WL 1231156 (Kan. App. 2021) (unpublished opinion) (finding that the district court reasonably denied petitioner's request for an independent examination when he regressed in treatment). Burch wanted his own licensed psychologist to do an independent examination to contest the annual report, yet he refused to be interviewed by the psychologist chosen by the Secretary of KDADS. He contended that "[t]he report from a qualified independent expert to perform an examination of Respondent is crucial to his ability to present his case regarding his current mental condition during this Annual Review." But rather than give the district court the full picture that both examinations would have presented, Burch tried to limit the evidence to solely that which he hoped would favor him. Under these circumstances, we find no abuse of discretion in the district court's denial of Burch's request for an independent examiner, no matter who was paying for it.

Affirmed.