NOT DESIGNATED FOR PUBLICATION

No. 125,179

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
ROBERT DAVIS JR.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed November 18, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kurtis K. Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and SCHROEDER, JJ.

PER CURIAM: Robert Davis Jr. timely appeals the district court's denial of his petition for transitional release after his 2020 and 2021 annual review hearings under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq. Davis is currently on Tier 1—the lowest of three tiers—of the sexual predator treatment program (SPTP). Davis asserts he presented sufficient evidence to show probable cause his mental abnormality or personality disorder has significantly changed to warrant an evidentiary hearing to consider his placement in transitional release. After a thorough review of the record, we find his claim unpersuasive. We affirm.

1

In December 2018, a jury found Davis to be a sexually violent predator, and the district court committed Davis to the custody of the Secretary of the Department for Aging and Disability Services (KDADS) under the KSVPA. Davis appealed his commitment, and a panel of this court affirmed his commitment. *In re Care and Treatment of Davis*, No. 121,947, 2020 WL 5581734, at *1 (Kan. App. 2020) (unpublished opinion).

As part of Davis' commitment under the KSVPA, he received annual psychological evaluations. See K.S.A. 2021 Supp. 59-29a08(a). Each of the annual reports and supplemental reports submitted from March 2020 through February 2022 concluded Davis remained a sexually violent predator and recommended he remain in KDADS custody.

Davis' first annual psychological examination was in March 2020. The report explained Davis was on Tier 1 of a three-tier treatment program. While Davis had perfect attendance in his therapist-led groups, the examination overall concluded Davis was in a high risk/need category and his mental abnormality and personality disorder had not so significantly changed that it would be safe for him to be placed in transitional release. Specifically, the Static-99R-2003 placed Davis in the above average risk category to reoffend against a child or nonconsenting adult, and the Acute-2007 placed Davis as a high priority for general recidivism risk and moderate priority for sex and violence risk. The Stable-2007 assessment placed Davis in the moderate treatment needs category.

The Secretary of KDADS provided Davis with its annual notice of his right to petition for release over the Secretary's objection as required under K.S.A. 2021 Supp. 59-29a08(a). Davis acknowledged receipt of the annual notice and timely filed a petition requesting a probable cause hearing for transitional release.

The district court held a hearing and found no probable cause to believe Davis' condition had significantly changed to warrant an evidentiary hearing to consider his transfer to transitional release. Davis was ordered to remain in the custody of the Secretary of KDADS for continued treatment.

Davis' next annual psychological examination was in March 2021. Davis remained in Tier 1 of the SPTP. Davis did not have attendance issues with his treatment groups and classes but had some "notable incidents which resulted in [rule] violations for allegedly writing inappropriate comments about peers which ultimately resulted in [Davis] losing his privilege level." The Static-99R-2003 placed Davis in the above average risk category, the Acute-2007 placed Davis in moderate priority for general recidivism risk and low priority for sex and violence risk, and the Stable-2007 placed Davis in the moderate treatment needs category. Overall, Davis was placed in a low risk/need category. The report concluded the risk associated with his mental abnormality or personality disorder had not so significantly changed that it would be safe for Davis to be placed in transitional release.

The Secretary of KDADS filed Davis' 2021 annual notice of right to petition for release from treatment over the Secretary's objection along with a signed receipt of acknowledgment by Davis. Davis did not timely file a petition requesting a hearing after his 2021 annual examination. Thus, the State requested the district court conduct an in camera annual review of the status of Davis' mental condition under K.S.A. 2021 Supp. 59-29a08(f).

In August 2021, the clinical program director of the SPTP issued a supplement to Davis' annual evaluation. Davis' Acute-2007 score increased, placing him at high risk for general recidivism and high sex and violence risk. The report noted Davis had struggled with the effect of his bipolar disorder since he requested a change in medication in September 2020. Davis was compliant with his medication regimen, but the new

3

medication was not as effective as his prior medication in helping him control his impulsive choices or decipher appropriate mechanisms for skill acquisition and advancement. As a result, Davis had a notable increase in his Bipolar II symptoms, especially regarding impulsivity, and had reduced responsiveness to feedback. The SPTP clinical program director recommended Davis not be placed in transitional release.

Another supplemental report was filed in February 2022. The report stated Davis remained on Tier 1 of the SPTP, had made inappropriate sexual references, and even had to change therapists because he had inappropriate sexual fantasies about his therapist. Davis demonstrated verbally aggressive behaviors with staff and other residents at the facility and continued to respond poorly to feedback or direction.

In February 2022, the district court conducted an annual review hearing on Davis' 2021 annual evaluation. Based on the original review from March 2021, along with the supplement reports in August 2021 and February 2022, the district court found Davis' mental abnormality or personality disorder had not so significantly changed to warrant a hearing to consider his placement in transitional release as he was likely to engage in repeated acts of sexual violence. Davis timely sought our review of the district court's denial of his request for transitional release after his review hearings for 2020 and 2021.

ANALYSIS

*The district court did not err in denying Davis' request for transitional release hearing.*

Davis claims on appeal he presented sufficient evidence to show probable cause his mental abnormality or personality disorder significantly changed to warrant a hearing to consider his placement in transitional release because he maintained perfect attendance in all his groups and classes, gave and received feedback in group discussions, and turned in journals and fantasy logs regularly. Davis contends his Static-99R-2003 evidenced an

4

82.7 percent probability he would not be rearrested for a new sexual offense within five years in the community and his Acute-2007 score had improved. The State responds Davis has not progressed beyond Tier 1 in the SPTP.

Under the KSVPA, a committed person has the right to an examination of his or her mental condition once every year. K.S.A. 2021 Supp. 59-29a08(a). After receiving an annual report from the Secretary, the committed person may request an annual review hearing and petition for transitional release. K.S.A. 2021 Supp. 59-29a08(b). At the review hearing, the committed person must show probable cause to believe the person's mental abnormality or personality disorder significantly changed so that he or she is safe to be placed in transitional release. K.S.A. 2021 Supp. 59-29a08(d). The district court must determine whether there is sufficient evidence to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that the committed person's mental abnormality or personality disorder has so changed to support the person's placement in transitional release. *In re Care & Treatment of Burch*, 296 Kan. 215, 226, 291 P.3d 78 (2012).

We apply a de novo standard of review when a person committed under the KSVPA appeals a district court's probable cause determination after an annual review hearing. 296 Kan. at 222-23. When making this determination, we, like the district court, must consider the evidence in the light most favorable to the committed person and resolve all conflicting evidence in that person's favor. 296 Kan. at 225-26.

Davis fails to meet his burden to show probable cause to believe his mental abnormality or personality disorder had significantly changed to warrant an evidentiary hearing to consider his placement in transitional release. Aside from the fact Davis has yet to reach Tier 2 of the SPTP, the evidence shows a regression in behavior hindering Davis' progress. The 2021 assessments place Davis in an above average risk category, high priority for general recidivism risk, and high priority for sex and violence risk. Even

viewing the evidence in the light most favorable to Davis, he has not shown probable cause to believe his mental abnormality or personality disorder has significantly changed to justify an evidentiary hearing on his request for transitional release. See K.S.A. 2021 Supp. 59-29a08(d).

Affirmed.