NOT DESIGNATED FOR PUBLICATION

No. 125,082

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
ALAN R. HOWARD JR.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed February 17, 2023. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Dwight R. Carswell*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Alan R. Howard Jr. appeals the denial of his petition for transitional release under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq. In order to succeed with such a petition, a patient has to persuade the district court that probable cause existed to believe that the patient's mental abnormality or personality disorder had so changed that the patient was safe to be placed in the community. After an initial hearing, the district court found Howard failed to meet this burden of proof and denied the request for transitional release. Following a thorough review of the record, we find no error in the district court's decision and affirm.

1

In 2001, Howard was convicted of two counts of indecent solicitation of a child in the Sedgwick County District Court. In anticipation of his release from prison in 2003, the State petitioned to admit him to the Sexual Predator Treatment Program (SPTP). Howard stipulated to the probable cause finding that he met the definition of a sexually violent predator. The district court committed Howard to the custody of the Secretary of Social and Rehabilitation Services for care and treatment until his mental abnormality has changed such that he is safe for release.

Between 2008 and 2014, Howard was removed from the program and served prison time for a conviction of attempted battery of a mental health employee in the program. Upon his return to the program, Howard filed several petitions seeking transitional release and an independent evaluation. His requests were denied by the district court. In 2020, he was sentenced for trafficking in contraband in Larned and was paroled to the SPTP.

That brings us to the action before us today. Howard filed a petition requesting transitional release in 2021. His annual review revealed that he suffers from sexual masochism disorder, major depressive disorder, and borderline personality disorder. He has achieved the highest privilege level within Tier 1 of the program. Tier 1, skills acquisition, is the first of three tiers within the program. The goal is for the participant to acquire skills to safely function in increasingly challenging social environments while addressing individual issues that contributed to his placement in the SPTP.

The annual review sets out Howard's progress.

Howard's primary therapist reported that he attended various treatment groups regularly and generally participated and was cooperative but failed to complete others.

He reported several incidents of inappropriate behaviors throughout the reporting period. Howard's behavior toward others and staff was disrespectful. Howard physically and orally threatened staff, shouted obscenities, threw his dinner tray, and threatened self-harm. One outburst involved him stuffing paper in a toilet to flood the room. Another incident was so concerning that staff had to call an emergency lockdown.

The annual review also includes updated actuarial assessments. Howard's actuarial assessment results revealed he was at a high-risk category. It concluded Howard meets the definition of a person convicted of a sexually violent offense and that he suffers from a mental abnormality that makes it likely he will engage in repeat acts of sexual violence. The report concluded the risk associated with the mental disorders has not changed that he would be safe for transitional release and he is likely to engage in repeat acts of sexual violence if placed in transitional release.

The district court held a nonevidentiary hearing to address Howard's petition.

Howard argued that he was unfairly in the program to begin with and he was placed in the program with his past abusers. The district court determined it lacked the authority to address those particular issues since they were not directly related to his request for transitional release. There was no argument presented at the hearing that his mental abnormality or personality disorder had changed.

Ultimately, the district court found that Howard's mental abnormality or personality disorder had not changed so much that it would be safe for Howards' placement in transitional release. It found Howard had failed to meet his burden of proof. In fact, the judge noted that Howard does not participate in treatment and his "behaviors during the review period have been atrocious." The court continued Howard's confinement in the SPTP until the next annual review.

Howard timely appeals.

A person committed under the SPTP begins their program on Tier 1 of treatment and must generally work through Tiers 2 and 3 before moving to the two outpatient tiers—transitional release and conditional release. *In re Care & Treatment of Wilson*, No. 124,786, 2022 WL 17174590, at *3 (Kan. App. 2022) (unpublished opinion). Kansas requires that committed persons must have an examination of their mental condition once every year. K.S.A. 2022 Supp. 59-29a08(a). The person may then request an annual review *hearing* and petition for transitional release. K.S.A. 2022 Supp. 59-29a08(b). Transitional release means the release of the individual to "any halfway house, work release, sexually violent predator treatment facility or other placement designed to assist the person's adjustment and reintegration into the community." K.S.A. 2022 Supp. 59-29a02(i).

At the annual review hearing, the committed person has the burden "to show probable cause to believe the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release." K.S.A. 2022 Supp. 59-29a08(d). In order to establish probable cause, the committed person must present facts at the hearing that are enough to cause a person of ordinary prudence and action to conscientiously entertain a reasonable belief that the person's mental abnormality or personality disorder has so changed that he or she is safe to be placed in transitional release. *In re Care & Treatment of Burch*, 296 Kan. 215, Syl. ¶ 7, 291 P.3d 78 (2012). The issue is not whether the person has made progress in the program, but whether they have established probable cause for the fact-finder to believe they are safe for transitional release.

If the patient is able to establish probable cause, another hearing is held and the burden shifts to the State to prove beyond a reasonable doubt that the person's mental abnormality or personality disorder remains such that the person is not safe to be placed in transitional release and if transitionally released is likely to engage in repeat acts of sexual violence. K.S.A. 2022 Supp. 59-29a08(g).

If the district court previously denied a petition for transitional release because the person's condition had not significantly changed, "then the court shall deny the subsequent petition, unless the petition contains facts upon which a court could find the condition of the petitioner had significantly changed so that a hearing was warranted." K.S.A. 2022 Supp. 59-29a11(a). Moreover, "[i]f the person does not participate in the prescribed treatment plan, the person is *presumed* to be unable to show probable cause to believe the person is safe to be released." (Emphasis added.) K.S.A. 2022 Supp. 59-29a08(d).

Howard argues that the district court erred in denying him a hearing on transitional release. We apply a de novo standard of review over the district court's decision denying Howard's petition for transitional release. See *In re Care & Treatment of Burch*, 296 Kan. at 223. Because Howard bears the burden of proof, we must consider the evidence in the light most favorable to him. See 296 Kan. at 225.

Considering the evidence in the light most favorable to Howard, we agree with the district court that he has failed to meet his burden of proof. He points to his assessment scores and his privilege level in support of his argument that he is appropriate for transitional release. But the evidence shows that Howard had not fully participated in his treatment program, primarily due to his continued hostility, failure to cooperate with staff, verbal and physical manifestations of anger, and impulsivity. He became so disruptive during an individual therapy session that he had to be removed by security. He also failed to attend two pornography addiction classes that were offered to him, he

5

attended only half of the Facing Shadows classes that were offered, and staff could not document completion of his required rational self-analysis and fantasy logs. Accordingly, Howard must present evidence to overcome a statutory presumption that he is not safe for release. See K.S.A. 2022 Supp. 59-29a08(d).

Here, there is no evidence to suggest Howard no longer suffers from a mental abnormality or personality disorder. While Howard is on the highest privilege level and is making progress in the program by taking classes, he is still only participating in Tier 1 of the three-tier program. That indicates he has not significantly progressed through the program as of his annual review in 2021. The evidence presented was that he had not participated fully in the treatment program and displayed threatening and offensive behavior toward staff members. Although Howard correctly notes that some of his testing scores have improved since 2020, he remains in the high-risk category on all tests. Howard presented no evidence that his mental abnormalities or personality disorders had changed, only that he had made some progress from previous years. That progress was recognized by his elevation to the purple level within Tier 1.

Thus, the record—when viewed in the light most favorable to Howard—does not support a finding that probable cause exists to believe that his mental abnormality or personality disorder has significantly changed so that he is safe to be placed in transitional release.

Affirmed.